*ALANSON CAPEHART v. KADER BIGGS & CO.

*Appeal, notice of.*

An appeal will not be dismissed upon the ground that no notice of appeal was given, where the record shows that an appeal bond was filed and approved by the court. The filing the bond and its approval in open court is notice to the appellee.

CIVIL ACTION tried at Fall Term, 1883, of NORTHAMPTON Superior Court, before *McKoy, J.*

A motion to dismiss the defendants' appeal was made in this court.

*Messrs. R. B. Peebles* and *Hinsdale & Devereux*, for plaintiff.
*Messrs. W. Bagley, Mullen & Moore, Fuller & Snow*, and *E. C. Smith*, for defendants.

ASHE, J.   In this court a diminution of the record was suggested, and on motion of the plaintiff's counsel, a writ of *certiorari* was issued to the clerk of the superior court of Northampton county, directing him to make out and transmit to this court a correct transcript of the record in this case.

In return to the *certiorari*, the clerk sends up another transcript, accompanied with his certificate, that the record heretofore sent to this court was, in all respects, correct, except as to the

---

*Mr. Justice MERRIMON having been of counsel, did not sit on the hearing of this case.

expression, "notice of appeal waived"; said expression was inadvertently put by him in the case. He says it nowhere appears in the case, except in the statement of the case on appeal filed by L. F. Dettrick (one of the defendants), and supposing it was true in fact, he put it in the record sent to the supreme court. He says, "the error occurred in this way: The appellant filed his statement of case, and the appellee filed his exceptions thereto. and the appellant did not ask the court to settle the case, and in sending up the record, I endeavored to consolidate the two."

Upon the return of the writ of *certiorari*, the plaintiff's counsel moved to dismiss the appeal, upon the ground the defendant had given the plaintiff no notice of appeal.

Taking it to be true, as certified by the clerk, that there was no waiver of appeal properly upon the record, yet we do find in the record the entry, "Bond in the sum of $250, filed and approved by the court."

The plaintiff's counsel is supposed to have notice of what is done in open court, especially in a case where he appears as counsel for one of the parties, and the taking the appeal bond in court, and its approval by the judge in open court, was actual notice of the appeal, as effectively so as if the notice had been given in the manner prescribed by law. Although the plaintiff's counsel did not waive the notice, he had notice, and there is no ground upon which to sustain his motion.

The motion to dismiss the appeal is therefore disallowed.

Motion denied.