CARBONATE TOWN COMPANY v. IVES ET AL.

The payment to a justice of the peace of the cost of granting an appeal from his judgment within ten days of the rendition of the judgment is not a condition precedent to the right of appeal.

*Error to County Court, Arapahoe County.*

THE facts are stated in the opinion.

Messrs. TELLER and ORAHOOD, for plaintiff in error.

Mr. M. B. CARPENTER, for defendants in error.

MACON, C.   On the 24th of December, 1883, defendants
in error recovered judgment against plaintiff in error,
before one J. L. Crotty, a justice of the peace within
and for Arapahoe county, from which plaintiff in error
appealed to the county court of said county, and gave
notice thereof in open court, upon the rendition of said
judgment.

On the 31st day of December, 1883, it filed its appeal
bond, which was approved by the said justice of the
peace.   Afterwards, and before the expiration of the ten
days prescribed by the statute regarding appeals, counsel
for plaintiff in error called on two occasions at the office
of the said justice of the peace for the purpose of paying
to the said justice the costs of granting said appeal, but
on both occasions the justice of the peace was out, and
the counsel found no one authorized to receive such fees.
Again, on the 4th day of January, 1884, counsel called
at the office at the same place for the same purpose, and
endeavored to pay the said fees.   The said justice, then
being busy in the trial of a case, desired counsel to call at
another time.   On the next day said fees were tendered
the justice, of which he accepted $1.50, and transmitted a
transcript of the case into the county court.   On the same
day, defendants in error, appellees in the county court,
filed their motion to dismiss the appeal because the fees
of the said justice of the peace had not been paid within
ten days from the rendition of the said judgment; which
motion the county court granted, and dismissed the ap-
peal.

In this case there is but one question for decision, which
is: Is the payment to the justice of the peace of the cost
of granting the appeal from his judgment, within ten days
of the rendition thereof, a condition precedent to the right
of appeal?   Secs. 1979, 1981.   We hold it is not.   The re-
quirement of the statute that the party desiring an appeal
shall, within ten days, file a bond for the security of the
successful party, is reasonable and imperative; and upon

the filing of such bond within that time, which the justice of the peace approves, perfects the appeal. But whether the transcript shall be sent to the appellate court by the justice of the peace depends upon the fact that the appellant pays to the justice of the peace the cost of taking the appeal. If the justice of the peace chooses to give credit for such costs, or donate his services in preparing the transcript, he may do so, and, if he sends the papers from his court into the appellate court, the appellant has the right to insist that his case shall be heard. No one can be heard to complain in the appellate court of the omission to pay the costs of granting the appeal to the justice of the peace, except the justice himself. This provision of the statute is one made for the protection of the justice of the peace, which protection he may waive, and such waiver is conclusively established by the fact that he has sent into the appellate court the transcript of his docket. *Lick v. Madden*, 25 Cal. 211; *People v. Harris*, 9 Cal. 573.

In this case the justice of the peace accepted his fees after the expiration of ten days from the rendition of the judgment appealed from, and sent the transcript up to the county court. Certainly the fact that he had not been paid within the ten days prescribed by the statute does not oust the jurisdiction of the county court. *Bray v. Redman*, 6 Cal. 287.

We think the county court erred in dismissing the appeal, and that the judgment should be reversed.

STALLCUP and RISING, CC., concur.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment of the county court is reversed and the cause remanded.

*Reversed.*