## DENVER & R. G. R'Y CO. v. RADER.

1. Under the General Statutes, section 1979, allowing appeals from jus-tices of the peace, provided the party appealing shall within ten days give bond and pay the cost of granting the appeal, it is not necessary, in order to perfect the appeal, that the costs be paid to the justice personally when the appeal bond is filed in the county court, as allowed by sections 1982, 1983, which require that upon the bond being filed and approved the clerk shall issue a *superse-deas* enjoining the justice from further proceedings.

2. Under the General Statutes, section 1983, requiring the justice, on the issue of a *supersedeas* by the clerk of the county court, to re-turn all the papers and transcript of the judgment, the filing of the transcript is necessary to give the appellate court sufficient juris-diction of the subject-matter to warrant a dismissal of the appeal.

### *Error to Fremont County Court.*

DEFENDANT brought an action against plaintiff in error in justice's court in Fremont county, and recovered a judgment therein in said court. To perfect 'an appeal from said judgment, plaintiff in error filed an appeal bond in the office of the clerk of the county court of said county, within the time required by statute, and said

bond was approved, and a summons and *supersedeas* were issued, and served as required by the provisions of the statute relating to appeals from justices' courts. At the time of filing said appeal bond, plaintiff in error paid to the clerk of said county court the sum of $5 for costs, but did not at any time pay to said justice any sum for costs of granting the appeal. The justice who rendered the judgment did not return to the clerk of the county court the papers in the case, nor a transcript of the judgment he had given. Defendant in error filed in the county court a motion to dismiss the appeal, which motion was supported by affidavit, and was based upon the following grounds: "1. Because it appears, in the affidavit hereto attached, that the said defendant, in the above-entitled action, failed and refused to pay the costs of granting and perfecting the said appeal within the time specified by the statute in such case made and provided. 2. Because it also further appears by the said affidavit hereto attached, and made a part of this motion, that said defendant has failed and refused to pay the costs of the justice allowed by law for the granting of the appeal from said judgment in the said appeal bond described and set forth." Upon the hearing of said motion, on the 4th day of September, 1884, the court entered an order requiring plaintiff in error to pay said costs by the incoming of the court at 10 A. M. of September 5, 1884; and, plaintiff in error failing to comply with said order, the court dismissed said appeal, and awarded a *procedendo* to the justice of the peace.

Mr. E. O. Wolcott, for plaintiff in error.

Mr. A. Macon, for defendant in error.

Rising, C. That the court erred in dismissing said appeal is the only error assigned which is relied on in the argument, and, in the consideration of this assignment, two questions are discussed by counsel: 1. Is the payment

of the costs of the appeal to the justice personally a condition precedent to the perfecting of the appeal, when the appeal bond is filed in the office of the clerk of the county court? 2. Has the court jurisdiction of the subject-matter of the action, so as to warrant the dismissal of an appeal before a transcript of the proceedings has been filed by the justice in the appellate court?

It has been held by this court in *Town Co. v. Ives,* 10 Colo. 81, that the filing of the appeal bond within the time required by the statute perfects the appeal; and in *Schofield v. Felt,* 10 Colo. 146, it is held that the requirement of the payment of the costs of granting an appeal is not a jurisdictional provision. Under these decisions the first question presented must be answered in the negative; and these decisions hold, not only that payment of such costs to the justice personally is not necessary to perfect an appeal, but that payment of such costs is not necessary to perfect an appeal. Sections 1982, 1983, General Statutes, make this proposition very clear, as to cases in which the appeal is taken by the filing of an appeal bond in the office of the clerk of the county court, and show conclusively that an appeal is perfected by the filing of a bond as required by the statute. It must be understood that, in holding that an appeal is perfected by the filing of a bond, we mean that the party appealing has fully performed the statutory requirements which he is called upon to perform when the bond is filed with the justice; but when the bond is filed with the clerk of the court the appeal is not perfected until the service of the summons and *supersedeas* provided for by statute. When the appeal is perfected in either way, the court has acquired jurisdiction of the parties, and may then proceed to act in the case so far as it is authorized by having such jurisdiction; but it cannot act with reference to matters of which it has not acquired jurisdiction.

Under the statutes of Illinois, from which our statutes relating to appeals from justices' courts were substan-

tially adopted, it is held that the provisions requiring the justice to return to the appellate court all the papers in the case, and a certified transcript of the judgment, relate to the manner in which the appellate court shall obtain jurisdiction of the subject-matter of the action; and it was further held that, until the court had obtained jurisdiction of such subject-matter, it had no power to dismiss the appeal. *Reed v. Driscoll*, 84 Ill. 96, 98; *Sheridan v. Beardsley*, 89 Ill. 477. It is said in *Reed v. Driscoll, supra*, that defendant in error could, if he had chosen, have filed a transcript of the judgment in the appellate court, and then have made any motion he might choose; and we think this suggests the proper practice to pursue in such cases. Some of the courts of this state have a standing rule of court, providing for the filing of such transcript by the appellee, and for an application for a rule on the appellant to refund the costs of obtaining such transcript, and for a dismissal of the appeal on failure of appellant to pay the same within the time required by the order of the court; and there can be no question but that either party has the right, independent of any rule of court, to file the transcript, and thus give the court jurisdiction over the subject-matter. The court erred in dismissing the appeal, and the judgment should be reversed.

De France and Stallcup, CC., concur.

Per Curiam. For the reasons assigned in the foregoing opinion the judgment of the court below is reversed.

*Reversed.*

Mr. E. O. Wolcott, for plaintiff in error.

Mr. A. Macon, for defendant in error.