## HUNT V. ARKELL ET AL.

1. APPEAL — NOTICE.— Under Session Laws of 1885, page 159, section 4, providing that, in case an appeal is not taken from a judgment of the county court to the district court on the day on which it is rendered, a written notice of the appeal must be served on the appellee or his attorney within five days after the appeal is taken, the filing and approval of an appeal bond by the court in presence of appellees is not notice of the appeal.

2. CONSEQUENCE OF FAILURE TO SERVE NOTICE — JUDGMENT AFFIRMED
   OR APPEAL DISMISSED.— Under said act the appellee is entitled, if
   not served with the statutory notice of the appeal, to have the
   judgment of the trial court affirmed or the appeal dismissed, at his
   option.

### Appeal from District Court of Pitkin County.

IN the month of January, 1886, appellees, Edward Ar-
kell and W. A. Camplin, as plaintiffs, instituted suit in
the county court of Pitkin county against appellant, as
defendant, for the purpose of recovering certain commis-
sions claimed upon the sale of a mine. The defendant
having appeared and answered, the cause was tried to
the court in the month of March following. The trial
resulting in favor of the appellees, judgment was accord-
ingly entered upon the 12th day of said month of March.
It also appears that an appeal to the district court was
prayed and allowed on that day. Upon March 18th, ap-
pellant filed a motion for a new trial, and upon March
20th, leave of court having been first obtained therefor,
an amended motion for a new trial was filed. Upon
March 20th the appellant also applied to the court for ad-
ditional time within which to perfect an appeal, which
motion was granted, and ten days' additional time given
by the court. The motion for a new trial was argued
by counsel, and submitted to the court, for its decision
thereon, upon March 25th, and overruled upon the fol-
lowing day. And thereupon, and on the same day, in
open court and in the presence of the attorneys for ap-
pellees, a bond for an appeal to the district court was
tendered, approved and filed by the court. After the
cause reached the district court, a motion was made by
appellees to affirm the judgment rendered by the county
court, for the reason that a written notice of the appeal
had not been served upon appellees or their attorneys, as
provided by section 4 of the act of 1885, regulating ap-
peals from the county to the district court. After argu-
ment, the motion was sustained, and the judgment

affirmed by the district court, from which judgment of affirmance this appeal was taken.   Section 4 of the act under which the appeal was taken reads as follows, viz.:

"Sec. 4. If the appeal be not taken on the same day on which the judgment is rendered, the appellant shall serve the appellee, or his attorney of record, within five days after the appeal is taken, with a notice in writing, stating that an appeal has been taken from the judgment therein specified, which notice shall be served by delivering a copy thereof to such appellee or his attorney of record.   If the appellant fail to give notice of his appeal when such notice is required, the appellee may, at any time before such notice is actually served, and after the time when it should have been served, have the judgment of the county court affirmed or the appeal dismissed, at his option."   Sess. Laws 1885, p. 159.

Messrs. PATTERSON & THOMAS, for appellant.

MR. JUSTICE HAYT delivered the opinion of the court.

Did the district court err in affirming the judgment of the county court upon appellees' motion?   This is the sole question presented for our determination.

The appeal from the county court not having been taken on the day upon which the judgment was rendered, the appellant, by the terms of the act regulating appeals in such cases, was required to serve upon the appellee or his attorney a written notice of his appeal within five days after the same was taken.   And it is further provided that, in case of failure to serve such a notice within the time specified, the appellee may, at his option, have the judgment affirmed or the appeal dismissed by the district court at any time before such notice is in fact served.   No attempt was made to comply with the provision of the statute in reference to notice. No notice, written or otherwise, was served within five days after taking the appeal, nor at any subsequent time;

and the appellees having elected to ask for an affirmance of the judgment, the district court was required, by the terms of the act, to grant their motion made for that purpose.

Counsel claim that the filing and approval of the appeal bond by the court, in the presence of appellees, constitutes a sufficient compliance with the statute; and in support of this position the case of *Capehart v. Biggs*, 90 N. C. 373, is cited.    The provisions of our statute are, however, entirely dissimilar from those under which that case was decided; the only provision of the North Carolina statute in reference to notice, so far as we are advised, being that the appellant should cause his appeal to be entered on the judgment docket, and notice thereof given to the opposite party.    The manner of giving such notice was not prescribed; and as the appeal was taken · in open court, the appellee was held chargeable with notice thereof, and no further notice was required.    On the contrary, with us the notice must be in writing, and the duty of the district court, in case of failure of the appellant to give the notice, is defined; and the court certainly committed no error in obeying the mandate of the law. If the statute is a harsh one, the remedy lies with the legislature, and not with the courts.    It is for the latter to determine what the law is, and not what it should be. The judgment of the district court must be affirmed.

<div align="right">

*Affirmed.*