## LAW v. NELSON.

1. TAKING AN APPEAL FROM THE COUNTY TO THE DISTRICT COURT.— An appeal is not taken from the county to the district court by reason of the fact that it is "prayed and allowed." The appeal bond must be filed and approved before the appeal can be considered "taken,"— that is, perfected; and, if this be not done on the day on which judgment is rendered, the notice in writing must be served or the appeal may be dismissed.

2. A MOTION TO DISMISS AN APPEAL IS NOT A GENERAL APPEARANCE. A motion confined to the single object of enforcing a statutory right, though not special in form, cannot be considered a waiver of such right, as by a general appearance for other purposes.

*Appeal from District Court of Lake County.*

THE section of the statute referred to in the opinion is as follows: "Sec. 4. If the appeal be not taken on the same day on which the judgment is rendered, the appel-

| | |
|---|---|
| 14 | 409 |
| 14 | 444 |
| 14 | 446 |
| 14 | 450 |
| 14 | 409 |
| 16 | 40 |
| 16 | 470 |
| 14 | 409 |
| 17 | 49 |
| 14 | 409 |
| 1a | 111 |
| 14 | 409 |
| 5a | 86 |

lant shall serve the appellee, or his attorney of record, within five days after the appeal is taken, with a notice in writing, stating that an appeal has been taken from the judgment therein specified, which notice shall be served by delivering a copy thereof to such appellee or his attorney of record. If the appellant fail to give notice of his appeal when such notice is required, the appellee may, at any time before such notice is actually served, and after the time when it should have been served, have the judgment of the county court affirmed or the appeal dismissed, at his option." Sess. Laws 1885, p. 159.

Mr. D. E. PARKS, for appellant.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

Nelson, who was plaintiff below, brought suit against Law in the county court of Lake county. The case was tried May 13, 1886, resulting in judgment for the sum of $50 and costs in favor of plaintiff. An appeal was prayed and allowed upon conditions, on the same day, as shown by the record, as follows:

"To which order and judgment, and to the rendering thereof by the court, said parties, and each of them, by their counsel, except and pray an appeal therefrom, each of them, to the district court, which prayers are hereby granted, provided said parties file their appeal bonds herein within ten days from this date, said plaintiff's bond to be in the sum of $100, and said defendant's as fixed by law; said bonds to be conditioned as required by law."

On May 20, 1886, an appeal bond by the defendant, Law, was filed and approved in the county court. On May 3, 1887, plaintiff's attorney filed a motion in the district court to dismiss the appeal, in the following words: "And now comes the plaintiff, by A. W. Stone, his attorney, and moves the court to dismiss the appeal in

said cause on the ground that no notice, in writing, stating that an appeal had been taken from the judgment rendered in the county court of said county, has ever been served on the plaintiff or his attorney."

The motion was accompanied by the attorney's affidavit to the effect that notice in writing of the appeal had not been served upon him, and that he was informed and believed that no such notice had ever been served upon plaintiff, and that plaintiff was absent from the county. This was the only showing made by either party as to the question of notice. Upon this motion and affidavit the district court dismissed the appeal. To reverse the judgment of dismissal, the defendant brings the cause to this court.

The principal question presented by the assignment of error relates to the construction of section 4 of the act of 1885, page 159, concerning appeals from county to district courts. Since this cause was brought to this court the question has been determined in another case. The construction given by this court may be stated thus: An appeal is not "taken" from the county court to the district court, within the meaning of the act of 1885, by reason of the fact that an appeal to the district court is "prayed and allowed" on the same day on which the judgment is rendered; but the appeal bond must be filed and approved before the appeal can be considered "taken,"—that is, perfected; and, if this be not done on the day on which the judgment is rendered, the notice in writing must be served, or the appeal may be dismissed. *Hunt v. Arkell*, 13 Colo. 543. The case of *Cates v. Mack*, 6 Colo. 401, cited by counsel for appellant, is not in point; and the decision in *Allenspach v. Wagner*, 9 Colo. 127, was based upon a different statute. The case of *Swenson v. Insurance Co.* 4 Colo. 475, supports the decision of *Hunt v. Arkell* as to what is meant by an appeal being "taken."

The contention by counsel for appellant that the appeal as prayed and allowed was joint, and that, therefore, appellee is estopped from saying that he did not have notice thereof, is not tenable. Where there is only one plaintiff and one defendant, a joint appeal by such adverse parties is not, in the nature of things, contemplated by the statute; and the language of the order in this case will not bear such a construction. Notwithstanding its peculiar phraseology, the record shows that each party prayed an appeal, and that a separate appeal was allowed to each on different conditions. It was by no means certain that an appeal would be "taken" by either party simply because each party prayed and obtained an order allowing the same. Therefore, such prayer and allowance did not dispense with the service of the written notice required by the statute.

The claim that the motion of appellee in the district court to dismiss the appeal was a general appearance, and amounted to a waiver of his right to have the appeal dismissed, is not well taken. The motion, though not special in form, was confined to the single purpose of dismissing the appeal. If the motion had been for any other purpose than the enforcement of the right given by the statute, the multitude of cases cited by counsel would be in point; but to hold that appellee waived his statutory right, when he did nothing whatever in the case but insist upon such right, is carrying the doctrine of general and special appearances beyond the limits of modern authorities. The statute says "appellee" may have the appeal dismissed under certain circumstances specified. It does not prescribe the form in which he shall seek such relief. Hence, when he files a motion confined to such single object, supported by affidavit showing the existence of the specified circumstances, in the absence of contrary evidence the relief should be granted. *Crary v. Barber*, 1 Colo. 172; *Smith v. District*

*Court,* 4 Colo. 235; *Flake v. Carson,* 33 Ill. 518; *Miles v. Goodwin,* 35 Ill. 53; *Blackburn v. Sweet,* 38 Wis. 578.

The judgment of the district court dismissing the appeal was not error, and the same is accordingly affirmed.

*Affirmed.*