## STRAAT, IMPLEADED, ETC. v. BLANCHARD.

1. PRACTICE IN CIVIL ACTIONS — WHEN APPEAL DEEMED "TAKEN."—
   An appeal is taken, within the meaning of section 4 of the act of 1885, relating to appeals from county to district courts, when the appeal bond is filed and approved.
2. FAILURE TO SERVE NOTICE OF APPEAL IN TIME PRESCRIBED NOT CURED BY SUBSEQUENT NOTICE.— If appellee gives written notice to appellant that he will apply for dismissal of the appeal, or af-firmance of the judgment, under said act, and follows it up with diligence, a subsequent notice by appellant that the appeal has been taken will not be allowed to defeat the statutory rights of appellee.

*Appeal from District Court of Lake County.*

Mr. J. E. HAVENS, for appellant.

Messrs. J. B. BISSELL and A. T. GUNNELL, for appellee.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The uncontroverted facts appearing of record in this case may be summarized as follows:

On August 27, 1887, judgment was rendered by the Lake county court; and on the same day, in open court, appellant gave notice of appeal to the district court. On September 3d, by agreement of parties, the court allowed appellant twenty days in which to file his appeal bond. On September 22d the appeal bond was filed and approved in the clerk's office of the county court. On September 29th the transcript of the case was filed in the clerk's office of the district court. On September 30th counsel for appellee served appellant with written notice that they would on October 3d move the district court to "affirm the judgment heretofore rendered in said cause, for the reason that no notice of an appeal has been served on the plaintiff or his attorneys, as by law required." On the same day, September 30th, but not until after the foregoing notice had been served, counsel for appellant served appellee with notice that the appeal in said cause had been "taken and perfected." On October 3, 1887, the motion of appellee, being submitted to the district court, was, upon due consideration, sustained, and the judgment of the county court affirmed. To reverse this judgment this appeal is prosecuted.

The questions presented by this appeal involve the further consideration of the act relating to appeals from county to district courts. Sess. Laws 1885, p. 158. In *Hunt v. Arkell*, 13 Colo. 543, and in *Law v. Nelson, ante*, p. 409 (decided at this term), section 4 of said act has been construed in relation to the facts and circumstances of

those cases. In those cases it was contended that the appeal should be considered "taken," so as to dispense with the written notice, when the record shows that the appeal was prayed and allowed on the same day on which judgment was rendered. In this case the contention is that the appeal should not be considered "taken" until the transcript from the county court is actually filed in the district court. Hence, it is argued that the five days in which appellant had to serve the written notice under the statute did not begin to run until September 29th. In other words, that no notice was required to be given, so long as some act remained to be performed in connection with the taking of the appeal. A brief consideration of the object of the statute will show that the contention of appellant in this case is as untenable as in the former cases. The object of the statute was to mitigate the evil of dilatory appeals. It does not follow, because an appeal is prayed and allowed, that the same will be taken or perfected. The filing and approval of the appeal bond suspends the rights of the prevailing party in the county court, and gives the district court jurisdiction. Hence the notice is required to be given, not before, but immediately after, the filing and approval of the bond; that is, when the appeal begins to operate adversely to appellee, so that he can without delay take such steps as he deems proper to dispose of the appeal. To hold that the notice need not be given until the transcript be filed in the district court would be to perpetuate and augment the very evil which the statute was designed to remedy. We see no reason to doubt the correctness of the former decisions that the time when the appeal is to be considered taken, within the meaning of section 4 of the act, is when the appeal bond is approved and filed.

It is further contended by counsel for appellant that, since notice in writing, stating that the appeal had been taken, was actually served upon appellee before he obtained the judgment of affirmance, he was not entitled,

according to the literal terms of the statute, to have such judgment rendered. If the statute be thus construed, the consequences would be that no appellee would be able to assert his rights thereunder, unless allowed to do so without giving notice; for the reason that every appellant, upon receiving notice of the intended application for judgment of affirmance or dismissal, would be able to give the written notice required by section 4 before the judgment of affirmance or dismissal could be rendered. Such a construction would nullify the statute altogether, or it would involve the absurdity that a judgment of affirmance or dismissal, obtained *ex parte*, is less vulnerable than one rendered upon due notice.

The statute under consideration does not require the previous filing of a written application to dismiss the appeal or to affirm the judgment; but the code does require the previous service of a written notice of such application. *Cates v. Mack*, 6 Colo. 401. Hence, if appellee gives such notice and follows it up with diligence, a subsequent notice by appellant that the appeal has been taken will not be allowed to defeat the statutory rights of appellee; but his application will be regarded as having been made when he took the first necessary step by the service of the notice to that end. The statute may be a harsh one, as counsel say, but an appeal is the creature of positive law. It is a special privilege, subject to statutory regulations; and those who invoke the benefit of the statute must strictly and diligently pursue its requirements or they cannot enjoy the privilege. *Vigilantibus, et non dormientibus, servat lex.* The judgment of the district court is affirmed.

*Affirmed.*

MR. JUSTICE HAYT (*dissenting*). The district court, upon appeal, affirmed the judgment of the county court upon motion, without giving appellant any opportunity to have his case heard upon its merits. Ought such ac-

tion to be sustained? This is the sole question presented for our determination upon this record.

It is conceded that no authority can be found in support of the action of the district court, unless it grows out of the following section of the statute relating to appeals to that court from the county court:

"Sec. 4. If the appeal be not taken on the same day on which the judgment is rendered the appellant shall serve the appellee, or his attorney of record, within five days after the appeal is taken, with a notice in writing stating that an appeal has been taken from the judgment therein specified, which notice shall be served by delivering a copy thereof to such appellee or his attorney of record. If the appellant fail to give notice of his appeal when such notice is required, the appellee may, at any time before such notice is actually served, and after the time when it should have been served, have the judgment of the county court affirmed or the appeal dismissed, at his option." Sess. Laws, 1885, p. 159.

In this case the notice of the appeal had been actually served before any steps were taken in the district court by appellee for the purpose of having the judgment affirmed. Hence, it is clear that, by the literal terms of the act, appellee was not entitled to the judgment of affirmance. It is claimed, however, that appellee was within the spirit of the provision. The statute is a harsh one, penal in character, and ought not, in my judgment, to be thus extended by construction. Appellant is not required to give notice of his intention to take an appeal. The notice must be to the effect "that an appeal has been taken from the judgment therein specified." From this it is apparent that the giving of notice is not a necessary step in perfecting the appeal.

The appeal was perfected when the appeal bond was approved and filed. This has been repeatedly announced by this court. The jurisdiction of the district court to affirm the judgment can only be maintained upon the

theory that the appeal had been perfected. Therefore, the rule requiring statutes providing for appeals to be strictly construed against the appellant has no application. The appeal in this case having been properly perfected, appellee, before he was entitled to have the judgment affirmed, or the appeal dismissed, for failure to give the required notice, must show his right to such a judgment affirmatively, and ask that it be entered. The court cannot act *sua sponte*. The failure of notice must be shown by affidavit, unless waived; and appellee must, in some appropriate way, give notice to the court of his intention to take advantage of the statute. If he proceeds without doing this, his right is thereby waived. *Robertson v. O'Reilly, ante,* p. 441. He must also indicate to the court his election as to whether he will have the appeal dismissed or the judgment affirmed. In the case of *Law v. Nelson, ante,* p. 409, the action of the court was based upon a written motion supported by affidavit; and the convenience of such practice is apparent. Until appellee signifies his intention to avail himself of the statute by filing a motion or affidavit, or in some way invoking action of the court in his favor, appellee should be allowed to serve his notice of appeal, and thereby prevent summary action of the court against him.

By the terms of the act, appellee's right to have the appeal dismissed or the judgment affirmed, at his election, is made to depend upon his moving in the matter before the notice of the appeal has been served upon him. The appellant is not only given five days in which to serve such notice, but he may do so at any time before appellee becomes an actor and signifies his intention to claim the benefit of the statute.

The written notice of motion provided by the code has, I think, always been construed to require notice simply of the time set for the hearing of the motion; and appellee ought not to be allowed to cut off appellant's right to give notice of the appeal, and thereby deprive him of

an opportunity to have his case tried upon its merits, by anything short of an application or notice made or filed with the court. No good reason is perceived why a notice given out of court, by appellee, of his intention to make such an application at a future time, should operate to preclude appellant from giving notice of the appeal, and subject him to the penalty of the statute.

By permitting appellants to give the notice of appeal at any time before steps have been actually instituted *in the district court* for the purpose of having the appeal dismissed or the judgment affirmed, full force and effect is given to the statute.

In this state county judges are not required to be learned in the law. In fact, these offices are not infrequently filled by those who have never been admitted to the bar, and no strained construction should be placed upon the statute that will result in preventing a review by appellate courts of the merits of cases determined before these tribunals.

The conclusion reached by the majority of the court, in my judgment, is not warranted by the language of the act, and ought not to be upheld.

*Affirmed.*