BUSBY v. CAMP.

1. DISMISSAL OF APPEAL TO COUNTY COURT.— Section 1, page 325, Session Laws 1887, confers a right to have the appeal dismissed upon failure to comply with its requirement in relation to fees.

2. RIGHT OF DISMISSAL, HOW WAIVED.— An unqualified appearance by appellee, however, and submission to an order of court relating to trial without interposing his motion to dismiss, may be treated as a waiver of the right in question.

3. REMEDY FOR MITIGATION OF HARSH STATUTES.— Hardships necessarily resulting from a plain statutory provision can only be mitigated through legislative action. Courts must obey the law as it is written.

*Error to Arapahoe County Court.*

Mr. F. A. WILLIAMS, for plaintiff in error.

Mr. W. J. EDWARDS, for defendant in error.

CHIEF JUSTICE HELM delivered the opinion of the court.

This cause was originally brought before a justice of the peace. Judgment being there rendered for defendant, plaintiff perfected an appeal to the county court. The appeal bond was approved and filed by the justice on January 27, 1888. The record was, however, not lodged in the county court until February 20th following.

Defendant by his counsel entered a special appearance in the county court, and moved to dismiss the appeal for a failure to pay the necessary fee, and have the cause docketed within the time required by statute. Sess. Laws 1887, p. 325. This provision reads, *inter alia:* "And provided, further, that the party appealing shall, within twenty days from the date of the approval of his appeal bond, pay to the clerk of the court to which he takes an appeal all fees necessary to have the cause docketed and placed on the calendar of said court. In case said party appealing fails to pay said fees within said time, then the said cause [appeal] shall be dismissed on application of the appellee."

The record of the county court recites that said motion was denied " on the ground that this cause was docketed at the time said motion was made." There is nothing to show that defendant, who was appellee in the county court, had, prior to interposing the motion, entered an appearance, taken any action, or submitted to any ruling in the cause. There is, therefore, apparent in the record before us no other ground for denying the motion save that above stated.

The right to have the appeal dismissed upon the failure to comply with the provision in relation to fees is expressly given by statute. The statute is, so far as language can make it, peremptory, and no discretion appears to be reserved to the court. We cannot agree with the trial judge that the fact that appellant had paid the fee and docketed the cause before appellee interposed his motion is alone decisive against dismissal; to so hold would, in large measure, be to disregard or abrogate the express statutory command.

See *Hunt v. Arkell*, 13 Colo. 543; *Law v. Nelson*, 14 Colo. 409,— construing an analogous provision. Had appellee voluntarily entered a full appearance after the cause was docketed, and taken or submitted to some order of court looking to a trial *de novo*, before interposing his motion, we might treat his action as a waiver of the right to have the appeal dismissed. Such is the view of the court upon another statute, substantially similar in this respect to the one before us. *Robertson v. O'Reilly*, 14 Colo. 441; *Coby v. Halthusen, ante*, p. 10. As above shown, however, no such state of facts is now presented.

The statute was doubtless framed to prevent delay in retrying cases on appeal from justices of the peace. The time fixed within which the fee is to be paid and the appeal is to be docketed is not unreasonable, and the general purpose of the provision is wise. It may produce hardship in individual cases, and perhaps the interests of justice would be better subserved by a less rigid rule in the premises. But this is a matter for legislative action. The statutory rule is not invalid, and the courts cannot mitigate its alleged severity.

It will be observed that the amendment of 1887, made since *Town Co. v. Ives*, 10 Colo. 81; *Schofield v. Felt*, 10 Colo. 146, and *Railroad Co. v. Rader*, 11 Colo. 538, were decided, materially changes the scope and effect of the statute under consideration.

In view of the foregoing, the remaining assignments of error, and the discussion of counsel pertaining thereto, need not be considered. The judgment of the court below is reversed, and the cause remanded with directions to dismiss the appeal.

*Reversed.*