## HEIL AND SMITH v. SIMMONDS.

1. **APPEALS, WHEN TAKEN.**—Under the act of 1885 an appeal from the county court to the district court is not taken until the appeal bond is filed and approved.

2. **NOTICE, WHEN TO BE SERVED.**—Section 4 of said act requires the notice to be served *after* the appeal is taken.   Service of notice *before* the appeal is taken is ineffectual to prevent appellee from having the appeal dismissed.

3. **REMEDIAL STATUTE, CONSTRUCTION OF.**—A remedial statute should be liberally construed whenever such construction will advance the remedy intended, but not when it will defeat the object of the statute.

4. **STATUTE, HELD TO BE MANDATORY.**—The statute in effect grants a certain right to appellee in case appellant does not comply with its terms; hence, it must be held mandatory.

*Error to District Court of Arapahoe County.*

IN this action judgment was rendered in the county court in favor of Simmonds, plaintiff, against Heil and Smith, defendants.     Thereupon the cause was taken by appeal to the district court.     Upon the docketing of the cause in the district court Simmonds applied for and obtained a dismissal of the appeal on the ground that notice of the appeal had not been served upon him as required by law.     From the judgment dismissing the appeal Heil and Smith bring the cause to this court by writ of error.     Section 4 of the act of 1885 upon which the controversy arises reads as follows :

"If the appeal be not taken on the same day on which the judgment is rendered, the appellant shall serve the appellee, or his attorney of record, within five days after the appeal is taken, with a notice, in writing, stating that an appeal has been taken from the judgment therein specified, which notice shall be served by delivering a copy thereof to such appellee, or his attorney of record.     If the appellant fail to give notice of his appeal when such notice is required, the appellee may, at any time before such notice is actually served, and after the time when it should have been served, have the judgment of the county court affirmed or the appeal dismissed, at his option."

Mr. D. V. BURNS and Messrs. GOUDY & SHERMAN, for plaintiffs in error.

Mr. C. D. MAY, Mr. RALPH TALBOT and Mr. GEORGE SIMMONDS, (*pro se,*) for defendant in error.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The only matter assigned for error is the action of the district court dismissing the appeal from the judgment of the county court.     From the record it appears that judgment was rendered in the county court on August 19, 1890.     The appeal bond was filed and approved August 22, 1890.     Under the statute then in force as the same has been frequently

construed by this court, the appeal was not *taken* until the bond was filed and approved. Session Laws, 1885, p. 158; *Hunt v. Arkel*, 13 Colo. 543; *Law v. Nelson*, 14 Colo. 409; *Straat v. Blanchard*, 14 Colo. 445.

From the bill of exceptions it appears that *after* the ren dition of the judgment by the county court, but *before* the filing and approval of the appeal bond, the defendants served upon plaintiff written notice to the effect that they had appealed from the judgment rendered against them in the county court to the district court. This notice was not in accordance with the facts as the appeal had not then been taken; nor was it in compliance with section 4 of the act of 1885, *supra*. The statutory notice is required to be served *after* the appeal is taken, not *before;* it is a notice of an act performed, not of an act to be performed. In this case no notice was served *after* the appeal was taken; nor was there any waiver by Simmonds of his statutory right to have the appeal dismissed, as in the cases of *Robertson v. O'Reilly*, 14 Colo. 441, and *Coby v. Halthusen*, 16 Colo. 10. At the very first opportunity and without taking any other step in the premises, Simmonds appeared specially in the district court and moved for the dismissal of the appeal in accordance with the terms of the statute. The contention that he was estopped from asserting his statutory rights because of the mistake or failure of appellants in serving the notice is not tenable.

With much earnestness and ability counsel for plaintiff in error contend that as Simmonds had actual notice that the appeal was taken, the object of the statute was fully accomplished; and that as he suffered no injury by the premature service of the notice he should not now be heard to complain. Again, it is urged that the act should be considered as a part of our code of procedure, and that the same should be liberally construed as a remedial statute. Code, sec. 443.

Upon arguments like the foregoing we are asked to overrule the previous decisions of this court construing the act under consideration. "The judicial interpretation" of a

statute, says the supreme court of Louisiana, "becomes, as it were, a part of the statute, and should not be changed but for the most cogent reasons."

It is conceded that a remedial statute should be liberally construed whenever such construction will advance the remedy intended but not when it will defeat the object of the statute. Sedgwick on Statutes, 2d ed., pp. 198, 215, 308, *et seq.* In *Callahan v. Jennings*, 16 Colo., 471 the act under consideration was liberally construed and upheld by this court against an attack which threatened its existence.

Section 4 of the statute is an express burden upon the remedy by appeal, and we do not feel at liberty to depart from its plain language in order to relieve a party from noncompliance with its terms. Said section not only prescribes the *kind* of notice and the *time* within which it must be served, but it also gives to appellee the *right* to certain specific relief in case appellant fails to give the required notice, and entitles appellee to have such relief granted "at any time before such notice is actually served, and after the time when it should have been served." This language effectually disposes of the argument that appellee is not entitled to insist upon time of giving notice as an essential part of the statute. The section in effect confers a certain privilege or grants a certain right to appellee in case appellant does not comply with its terms. Hence, we feel constrained to hold, as we have in effect before held, that the statute is mandatory in that behalf. Bishop on Written Laws, secs. 254, 255.

We have several times indicated that the statutory provision under consideration was harsh, and that some legislative relief therefrom was desirable. But as such relief has not been granted, the present case must share the fate of its predecessors. The judgment of the district court is accordingly affirmed.

*Affirmed.*