Bissell, P. J.
In February, 1897, the Denver Omnibus and Cab Company brought suit against Harry Hall before Crane, a justice of the peace, in Arapahoe county, and therein had judgment for 1146.20. Thereafter Hall took an appeal to the county court, and on March 5, filed his appeal bond with the justice. Subsequently Justice Crane sent the papers to the county court where they were filed on the 15th of March. After the record was lodged in the county court, and on the 16th of April, the appellee appearing specially for the purpose, filed a motion to dismiss the appeal, and also moved that the clerk issue a writ of procedendo to the justice because the case had not been docketed in the county court within the twenty days prescribed by the statute. The appeal was dismissed and from that judgment Hall brought the ease here.
The only question presented in the argument respects the regularity of this judgment and challenges the action of the court on the motion. The question is. wholly settled by the terms of the statute and the decisions of the supreme court thereunder.
The action of the court is impugned in one aspect which respects only an alleged general appearance by the appellee in the county court on whose motion it is insisted the cause was set down for trial. To show the inaccuracy of the record in this respect, the appellee has filed a supplemental transcript which demonstrates that the cause was not set down *419 for trial on his motion and that he made no general appearance but only the special one for the purposes of the motion.
The appeal is principally based on the contention that there was no distinct and definite showing that the cause was not docketed within the twenty days. The appellant relies on the fact that the papers were filed within that time in the county court and he.insists it is a legal presumption that the clerk collected his fees and docketed the case because the clerk is charged by the statute with the duty of collecting his fees in advance. The supplemental transcript however contains a memorandum which indicates that the docketing was too late. This memorandum found on the register of the county court shows the filing of the papers on the 15th followed by sundry abbreviations, “3-29-97 D. K.” and over these letters the figures “ 10.” Departing from the order of the argument advanced by appellant’s counsel, we may suggest that we have a right to consider this entry in determining the point respecting this matter, and in disposing of the presumption that the clerk performed his duty and collected the fees and docketed the case in due time. In discussing a similar question the supreme court has affirmed the right to use its own judgment and its common intelligence in determining the force, effect and meaning of signs and abbreviations made by clerks for their own convenience in making up a record. In re Roberts, 5 Colo. 525.
Exercising this privilege we conclude this indorsement on the register indicates a docket on the 29th of March. But beyond and above all this, it must be remembered the motion to dismiss the appeal because the case was not docketed in time, was made in the court wherein the case was docketed. It was a question of fact determinable from the record, and we must assume the court from an inspection determined as a matter of fact that the cause was not docketed within the twenty days otherwise there would have been no basis for its judgment, and since these matters were particularly and peculiarly within the knowledge of the court, obtainable from an examination of its own records, we have a right to assume *420 the fact is against the appellant’s contention. We may likewise determine that this question of fact having-been thus resolved by the court, was correctly found.when the record lacks specific proof to the point that the case was in point of fact docketed within the twenty days. Neither do we believe that the presumption that the clerk observed the statute in the collection of his fees, is sufficient to overcome the presumption that the court acted on sufficient evidence when this evidence was entirely within its control and under its own observation.
When we have disposed of this proposition, it only remains to determine whether the statute required the case to be docketed within the twenty days, and whether the failure to observe the statute is fatal to the appeal. This we must conclude because the question is entirely foreclosed by a decision of the supreme court on the precise proposition which is found in Busby v. Camp, 16 Colo. 38. Therein the object, purpose and force of the statute is considered and the court ón the consideration of this precise question held that a failure to docket a case within the time was fatal to the regularity of the appeal, and not only justified but compelled its dismissal. When we have the authority of the supreme court on the precise point, it would be folly for this tribunal to enter on an examination of the statute and present reasons in support of this interpretation.
The appellant is likewise not hi position to insist that the filing of the papers by the justice operates under the statute for the purpose of the docketing, because the duty of the justice is prescribed by the statute, and his acts are simply in obedience to the law, and he does not act as the agent of the appellant, nor do his acts in this respect inure to the appellant’s benefit for the purpose of protecting his appeal. Swenson v. Girard F. & M. Ins. Co., 4 Colo. 475.
What we have suggested disposes of all questions presented in the arguments of counsel, and since we can find no point therein suggested on which the judgment of the lower court can be successfully assailed we must affirm it.

Affirmed.