[No. 6211.  Decided September 28, 1906.]

MAIN INVESTMENT COMPANY, *Respondent*, v. OLAUS OLSEN, *Appellant*.[1]

APPEAL—TIME FOR FILING BOND—MISTAKE OF CLERK—SUPPLEMENTAL RECORD—DISMISSAL.  An appeal will not be dismissed because it appears that the bond was filed after the time allowed by law, where it is shown by a supplemental record that the lower court has found that it was left with the clerk for filing within the time, but by inadvertence it was not marked filed until the time for filing had expired.

CONTRACTS—BREACH OF UNIFORM CONTRACT—ARBITRATION.  Under the terms of a "uniform" building contract providing for arbitration only of the cost of alterations, reviewing the architect's certificate extending time, and damages by reason of delay, damages for money expended in paying unpaid bills of the contractor and for completing work which he left unfinished are not subject to arbitration.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered October 26, 1905, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on contract. Affirmed.

*L. H. Prather*, for appellant.

*Gallagher & Thayer*, for respondent.

ROOT, J.—In this case a motion was made to dismiss the appeal for the reason that neither proof of service of notice of appeal nor an appeal bond was filed within five days after the giving of the notice of appeal.  The file mark on the bond indicated that it was filed November 27, 1905, but the appellant filed affidavits to show that as a matter of fact said bond was left with the clerk of the court for filing on November 18, 1905, the same day that the notice of appeal was served and left for filing.  As this question could not be determined on affidavits in this court, and believing that the

[1]Reported in 86 Pac. 1112.

appellant should not lose his right of appeal in case the fact was as he represented, this court granted permission to the appellant to bring the matter on for hearing before the superior court to determine whether or not said bond was left with the clerk as contended. 43 Wash. 480, 86 Pac. 657. We have now received a supplemental record from that court showing that, upon the hearing of this matter, the court found that said bond was left with the clerk of the superior court for filing on the 18th day of November, 1905. This being true, the fact that by an inadvertence of some kind the same was not marked filed until the 27th ought not to defeat the right of appeal. The motion to dismiss is therefore denied.

Appellant and respondent entered into written contracts, by which the former agreed to build for the latter a stone foundation for a building. It was alleged in the complaint that appellant had failed to comply with his contract, and that respondent had been obliged to pay $1,686.03 in excess of the contract price in order to satisfy claims that were liens against respondent's property, and also alleging that by reason of appellant's default plaintiff was otherwise damaged in a large sum. Appellant admitted the contracts, but denied most of the principal allegations of the complaint. The case was tried before the court without a jury, and resulted in a judgment in favor of the respondent in the sum of $1,966.41.

The principal contention of appellant is that the complaint does not state, and the evidence does not establish, a cause of action, in that the matters sued upon were such as should have been submitted to arbitration under the terms of the written contracts. Said agreements consisted of an instrument commonly known as the uniform contract, together with a supplemental agreement in writing as to certain matters not covered by the original instrument. The only provisions for arbitration are found in articles 3, 7 and 8, where provision is made for arbitrating the increased or decreased

cost occasioned by alterations, for reviewing the architect's certificate in the matter of the extension of time, and for arbitrating damages sustained by either party on account of delay of the work. The damages claimed by respondent are all for money expended in paying off unpaid bills which appellant had contracted and which were liens against the building, with the exception of two items, one for $54.27 and one for $281.50, the former being for expense incurred in completing a foundation wall, and the latter being the amount paid for repairing the street that had caved in by reason of the manner in which appellant had excavated for the foundation. As to these two items the architect had audited and certified them as required by the contract. Certain exceptions are taken as to the rulings of the court in excluding evidence of claims made by appellant; but these were claims which should have been submitted to arbitration under the terms of the contract. One contention of appellant with reference to extra work on the piers was submitted to arbitration, and the arbitrators allowed him $281.89, which the evidence shows to have been paid.

Numerous other matters are called to the attention of the court wherein it is claimed that the lower court erred, but they are mostly involved in the matters heretofore mentioned, or have to do with questions of fact upon which there was a conflict of evidence. On none of these matters have we reached a conclusion different from that of the trial court.

The judgment of said court is affirmed.

MOUNT, C. J., DUNBAR, CROW, FULLERTON, HADLEY, and RUDKIN, JJ., concur.