[No. 8035.]

CHILDERS V. BAIRD, ADMINISTRATOR ET AL.

1. APPEALS—*Bond*—*A Liberal Practice Allowed,* as to the filing of the bond, where the party acts in good faith, and with reasonable diligence. (395.)

An appeal bond was presented to the county judge for approval, within the statutory period, but was returned to the agent of the appellant, with directions to cause the same to be corrected, as to the place at which the seal of the notary before whom the surety had justified, was impressed; and an order was entered that, when corrected in this respect, it should be filed as of that date. It bore the clerk's file mark accordingly, and in other respects appeared above exception. An order of the District Court dismissing the appeal was reversed. (390-393.)

2. —— *Substantial Compliance with the Statute,* in the terms of the bond, suffices. (396.)

*Error to Douglas District Court.* Hon. W. S. MORRIS, Judge.

Mr. F. W. SANBORN, Mr. GEORGE ALLAN SMITH, for plaintiff in error.

Messrs. ALLEN & WEBSTER, for defendants in error.

HILL, J., delivered the opinion of the court.

This writ of error is to review a judgment dismissing the petitioner's appeal from the County to the District Court and affirming the judgment of the County Court. The motion therefor contains eleven different grounds. As the court did not state the one or more on which it was sustained, we will consider the two urged to be well taken. They are that the appeal bond was not filed and approved within

the time provided by statute, and that the bond was inadequate.

The record discloses, that the plaintiff in error filed her petition in the County Court of Douglas County In the Matter of the Estate of her father, James T. Baird, in which she sought the removal of David B. Baird, as administrator, etc., alleging numerous reasons, including a conspiracy between him and Anna Maria Baird, who was also made a respondent; that on September the 12th, 1912, a decree was filed adversely to her. It then states, that on September the 21st, following, through her husband, Guy Childers, she presented to the court her appeal bond concerning which the record states, "the court being sufficiently advised that said appeal bond is not properly sealed by the notary public before whom the acknowledgment of the surety on said bond was taken, now, therefore, said bond is returned to said Guy Childers with instructions that the seal of said notary public be placed at the left of the jurat on the back of said bond, and it is ordered that said bond be filed, when returned properly sealed as herein directed, as of today"; that upon the same date an order was entered granting the petitioner an additional ten days from that date within which to perfect her appeal to the District Court; that the bond, which is in the record, discloses but one filing mark thereon, which bears date September 21, 1912, and is thus signed by the clerk; that on September the 24th, following, the respondents (defendants in error here) filed their motion to vacate the order extending time for perfecting the appeal; that upon the same date the respondent, David B. Baird, filed his motion to set aside and disapprove the appeal bond, which it is alleged the petitioner has sought to file therein; that this motion states that at this date the clerk of the court has refused to accept and file the bond because of gross irregularities in the filling out and sealing of said bond; that on September 26th, following, an order was entered which recites that the petitioner who prays for an ap-

peal from the decision heretofore entered, etc., to the District Court, presents to the court her bond in the penal sum of $500, and the court having carefully examined this bond, finds that the notary public has wholly failed to affix her seal to the jurat, but has negligently and without reason affixed said seal at the bottom of the first page, where there is no cause for the affixing of said seal, thereupon, it is ordered by the court that the bond be and is hereby disapproved and returned to the petitioner.

The record next recites an order made October 10, 1912, in part as follows, comes counsel for petitioner who present, etc., for filing the appeal bond in this matter; that this said appeal bond has been presented to the clerk of this court three times heretofore, but because said appeal bond was improperly sealed by the notary public, and incompletely filled out on the face of said bond, the names of said respondents having been omitted therefrom, the said bond was returned each time to counsel, etc., for correction in the particulars aforesaid, and the court having reviewed the several steps in this said matter, finds: First, that on the 18th day of September, 1912, petitioner presents her appeal bond in this court, but said appeal bond being without the notary seal where the oath is recorded, and certain omissions being apparent on the face of said bond, same was returned to petitioner. Second, that on the 21st day of September, Guy Childers, husband of petitioner, presents said bond to the clerk of said court for filing, and informs the clerk that the seal has been properly affixed, but the expiration of commission of the notary public omitted, whereupon, said Childers offers to take said appeal bond back to the notary, and have same placed on the bond. The court finds that no effort or request was made on this date or any other day prior thereto, or subsequent thereto, until today, to have the judge or clerk approve said bond. Third. That upon the request of counsel for petitioner on the 14th of September, 1912, and again by counsel through said Childers on the 21st of

September, 1912, this court entered an order giving said petitioner ten days additional time within which to perfect her appeal; that on the 26th day of September, 1912, said appeal bond was again presented to the clerk of said court, and after examination by the clerk of said court, said appeal bond was again returned to the petitioner's attorneys herein because the same omissions existed in said bond, at this time, which existed on the 18th day of September, and which, despite the objections of the judge of this court, have continued to exist therein. At this said date the judge of this court entered an order disapproving of said appeal bond; that an order was entered herein on the 21st day of September, 1912, to the effect that when said appeal bond was returned to this court, properly sealed, said bond should be filed as of the 21st day of September, 1912; and now the court being sufficiently advised herein, orders that said appeal bond, as presented to the court today, be filed by the clerk hereof as of the 21st day of September, 1912. This is followed with a recital that thereafter and on October the 29th, 1912, in the presence of counsel for both sides, an order was entered setting aside and holding for naught the order of September the 21st, 1912, giving ten days additional time within which to perfect said appeal, also that on October the 29th, 1912, arguments were presented to the court on the question of the approval of the appeal bond, theretofore filed in this matter. Both sides were represented and the matter taken under advisement by the court. It then concludes as follows, that on November the 27th, following, an order was entered which decreed that the appeal bond presented by the petitioner and filed therein on September 21, 1912, be and the same is hereby approved as filling all statutory requirements, and the appeal was declared as being allowed.

That this record is inconsistent within itself is readily apparent. As an excuse for not attempting to reconcile or explain it, present counsel for both sides call attention that

they were not in the case at the time of the trial in the court below. The decree was filed September 12th; the case had been tried to the court in May preceding, after which counsel were given an indefinite time within which to file briefs. Present counsel for plaintiff in error claim that no one was present representing their client when the decree was announced. The record is silent on the subject, but be that as it may, the record shows that the appeal bond was presented as early as September 14th or 18th and again on September 21st. This last date was still within the time provided by law, and the record states, in substance, that it was then refused because not properly sealed by the notary public, and was returned to Mr. Childers with instructions that the seal of said notary public be placed at the left of the jurat on the back of said bond, and it was ordered that said bond be filed when returned properly sealed "as herein directed as of today." This was the only objection presented to the bond at that time, and as explanatory of the facts, and not to contradict the record, Mr. Childers' testimony in the District Court at the hearing on the motion, which is uncontradicted, is to the effect that the notary's seal referred to, which was to the justification of surety, was upon the bond at that time. It is on it in three different places now, and at that time one of them was on it, but was probably the one inserted upon its face instead of upon the back where the sureties qualified, as stated in the record. It is plain, however, upon both sides of the bond, but would have to be read backwards when applied to the side where the sureties signed. This entire showing discloses that the County Court was in error in refusing to accept and approve the bond because the top side of the seal was upon what he considered the wrong side of the instrument. The seal of the notary was upon the bond sworn to by the sureties, which acknowledgment was properly subscribed by them, and the notary taking their oaths, and it would be, indeed, a sacrifice of substance to form to say that the bond was invalid, or even

insufficient, because the notary had placed her seal upside down, or in a different place than the maker of the form of the instrument had provided. The bond discloses that it was filed September 21, 1912, and it might be said that the judge on said date examined it and found no fault with the sureties or the sufficiency thereof, other than the location of the notary's seal, as the order of that date states that said bond is returned to said Guy Childers with instructions, etc., (which were limited to this one point) and when returned by him it was to be filed as of that date, and it bears the filing mark of that date, and none other. This could be assumed to mean that the bond was placed in the hands and under the control of the judge at that time, and that the same was withdrawn for the purposes of correction, namely, of adding the notary's seal at another place. If this be true, and it stands uncontradicted, then the petitioner, upon her part, had complied substantially with the provisions of the statute, and all further proceedings can be disregarded.

In *Hook v. Fenner,* 18 Colo. 283, 32 Pac. 614, 36 Am. St. 277, it was held that it was not necessary to constitute the filing of a paper that the justice perform the clerical act of indorsing it as filed, that if the paper was actually placed in his hands for filing, it was sufficient.

In *Perkins, Adm'x v. Shadbolt et al.,* 44 Wis. 574, it was held that there was a substantial compliance with the provision of the statute and that the bond on appeal was sufficient, although the bond was not formally approved by the county judge until after the limit of sixty days, as provided by the statute.

In *Starkweather v. Bell,* 12 S. D. 146, 80 N. W. 183, it was held that the indorsement of a filing mark by a judge or clerk is not an essential part of the filing of papers.

In *Main Inv. Co. v. Olsen,* 44 Wash. 121, 86 Pac. 1112, the appeal bond was left with the clerk for filing on the day the notice of appeal was served, held, the failure of the clerk

to mark the bond filed within five days after the giving of notice of appeal did not defeat the right of appeal.

In section 377 of Elliott on Appellate Procedure, it is said, "Where the parties act in good faith and with reasonable promptness the courts deal with them liberally. The courts, it has been often said, are reluctant to permit an appeal to fail where there has been no culpable fault, although there may be some errors or irregularities." Applying these principles to the facts here, the bond was brought to the county judge for filing and approval within the time provided by statute; the judge stated that the seal of the notary should be placed in the proper place, and returned the bond to the plaintiff's agent to be corrected in that particular, with an order that when done it be filed as of that date, and the bond shows that it was filed on that date. The bond was a valid and binding one as it stood, and we do not think that the actions of the court in ordering its return for this correction, or its subsequent proceedings wherein it first extends the time for filing it, then vacates this order, or any of its other subsequent proceedings, which are in conflict with each other, including at too late a date its ultimate attempt to approve it and declare that the petitioner has perfected her appeal in the manner provided by the statute, should defeat her right in this respect.

'Tis true, that in one of these subsequent orders it is stated that at one time the names of the respondents were omitted therefrom. The order of October 10th refers to omissions in it on September 18th, but not the 21st, but the bond, which is in the record, discloses that it is complete in this respect, and Mr. Childers' testimony is to the effect that it was as it is now in this respect when tendered to the court upon September 21st. This is not contradicted by the record. Another of the recitals in the record is a lack of the date of the expiration of the notary's commission. It has this upon it in two different places now, and the seal in three different places, put there evidently in an effort to.

satisfy the ideas of the court as to where they should be. When the entire record is considered, we are of opinion that the showing was insufficient to defeat the appeal as not being perfected in time.

The contention that the bond is inadequate is not well taken. It complies substantially with the provisions of section 1537, Revised Statutes 1908. The bond in *Denver and Rio Grande Railroad Co. v. Paonia Ditch Co.*, 49 Colo. 281, 112 Pac. 692, which case is relied on by counsel for defendant in error to sustain this contention, is materially different from the one under consideration.

For the reasons stated, the judgment is reversed and the cause remanded with instructions to set aside the judgment affirming the judgment of the County Court, and to deny the motion to dismiss the appeal. As the pleadings have not been passed upon by the District Court, we express no opinion concerning them or any of the matters sought to be accomplished thereunder.

*Reversed and remanded with instructions.*

GABBERT, C. J., and SCOTT, J., concur.