## No. 13,115.

### Zimmerman v. Combs et al.

(14 P. [2d] 693)

Decided September 12, 1932. Rehearing denied October 3, 1932.

Mr. Joseph K. Bozard, for plaintiff in error.

Messrs. Gooding & Monson, for defendants in error.

*In Department.*

Mr. Justice Butler delivered the opinion of the court.

314

H. E. COMBS and H. P. Heid, copartners doing business under the name of F. Muench and Company, obtained a judgment against E. H. Zimmerman in the county court of Routt county. Zimmerman attempted to appeal to the district court, but his appeal was dismissed.

On November 30, 1931, which was within the time required by section 5777 of the Compiled Laws, Zimmerman tendered to the judge of the county court an appeal bond signed by E. H. Zimmerman, as principal, and H. R. Zimmerman, as surety. The bond was in proper form. The judge made no objection to the bond or to the sufficiency of the surety. On the contrary, when the bond was tendered, he remarked "All right," affixed his official certificate to the effect that it was filed November 30, 1931, and retained the bond in his possession. On December 7, which was after the expiration of the statutory time for making the appeal, the judge informed E. H. Zimmerman that counsel for Combs and Heid objected to the bond, and the judge suggested the advisability of having another surety sign the bond. Acting on the judge's suggestion, Zimmerman, on the very next day, obtained the signature of another surety. The bond bears this certificate signed by the judge: "Approved by me this 8th day of December, A. D. 1931." After the case was docketed in the district court, that court, on motion, dismissed the appeal, holding that the appeal was not taken, or made, within the statutory time.

■ Section 5777, C. L., requires appeals from the county court to the district court to be "made" within ten days after judgment is rendered. An appeal is not "made" until the appeal bond is approved. See *Heil v. Simmonds*, 17 Colo. 47, 28 Pac. 475; *Hunt v. Arkell*, 13 Colo. 543, 22 Pac. 826; *Law v. Nelson*, 14 Colo. 409, 24 Pac. 2; *Straat v. Blanchard*, 14 Colo. 445, 24 Pac. 561.

■■ In *Childers v. Baird*, 59 Colo. 389, 395, 148 Pac. 856, we quoted with approval the following statement by Elliott, in section 377 of his Appellate Procedure: "Where the parties act in good faith and with

reasonable promptness the courts deal with them liberally. The courts, it has been often said, are reluctant to permit an appeal to fail where there has been no culpable fault, although there may be some errors or' irregularities.'' That Zimmerman acted promptly and in good faith, and that there was no culpable fault on his part, is beyond question. The statute does not prescribe any particular manner or form in which the appeal bond on appeal from a county court to a district court must be approved. The same is true of appeals from a justice of the peace to a county court. *Stephens v. Wheeler,* 60 Colo. 351, 355, 153 Pac. 444. In *Adams v. Decker,* 50 Colo. 236, 114 Pac. 654, cited with approval in *Stephens v. Wheeler, supra,* we held that a failure to endorse approval on an appeal bond, if in fact it had been approved, would not prejudice the rights of the party filing the bond on appeal from a justice of the peace. In *Perkins v. Shadbolt,* 44 Wis. 574, cited with approval in *Childers v. Baird, supra,* it was held that an appeal bond was sufficient, although the bond was not *formally* approved until after the time limited by statute.

In the present case, the record shows that Zimmerman relied upon the judge's statement, ''All right,'' as an assent to the sufficiency of the bond and an approval thereof, and, in the circumstances, such was the natural import of the words. It appears, also, that if the judge at that time had questioned, or had expressed any doubt concerning, the sufficiency of the surety, another surety could have been and would have been supplied within the statutory time. When the bond was tendered, it was the duty of the judge to approve it or disapprove it, or, if he was in doubt concerning the sufficiency of the surety, to say so. We cannot uphold the contention that the bond was not approved until the formal approval was endorsed thereon. In our opinion, the circumstances show an approval of the bond at the time it was tendered and filed. If, after the approval of an appeal bond, it is found that a surety is insufficient, ample pro-

vision exists for the addition of new sureties, even after appeal. C. L. §5623. In the present case, upon suggestion of the county judge, a new surety was supplied promptly and before the case was docketed in the district court.

The court erred in dismissing the appeal.

Other assignments are argued, but, as they appear to us to be without merit, we need not discuss them.

The judgment is reversed, and the cause is remanded with the direction to the district court to set aside its judgment of dismissal, and to reinstate the case on appeal.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE ALTER concur.