### ALLENSPACH V. WAGNER.

1. Where the defendant applies to the county court to fix the time within which an appeal bond shall be filed, and the plaintiff's attorney is present and participates in the discussion, it is not error for the district court to refuse to dismiss the appeal on the ground that no written notice was served on the plaintiff's attorney.

2. A covenant to pay rent is not personal but runs with the land; the grantee of the reversion stands in the same position to the tenant that the lessor did before he parted with the reversion.

3. Where a tenant holds a lease which is to expire upon the sale of the leased premises, and the new owner under a sale of the land offers to continue him as tenant, under the lease, the tenant cannot recover damages for an eviction by the grantee, the eviction being in consequence of the non-payment of rent under the lease.

4. Nor is it sufficient in such case for the tenant to say that the sale was fraudulent and void. A court will not inquire into a fraud except at the instance of the party injured by it.

5. Special matters constituting a good defense being set up in an answer and not being traversed may entitle the defendant to judgment of nonsuit.

*Error to District Court, Arapahoe County.*

THIS suit was originally brought in the county court. The complaint alleges, in substance, that on the 29th day of March, A. D. 1880, the defendant Wagner leased to plaintiff certain premises in the city of Denver for the

period of two years, to be used as a dwelling-house and saloon; that on or about the 1st day of April, A. D. 1880, the plaintiff entered into possession of the premises and opened a saloon therein; that he spent large sums of money in painting, repairing, furnishing and fitting up the building for said business, and added valuable improvements thereto, and fixtures, all amounting to the sum of $1,000; that after the plaintiff had repaired, painted, and added his improvements as aforesaid, and after he had established a thriving and profitable business at said place, the defendant did wilfully and maliciously enter into a conspiracy with one Pettinger to defraud the plaintiff out of his leasehold interest in and to the same; and that, in pursuance of said wilful and malicious conspiracy, the defendant caused a deed of said premises, together with other property, to be made to the said Pettinger with intent to defraud the plaintiff, without any consideration whatever therefor; that on or about the 15th day of June, A. D. 1880, the said Pettinger and the said defendant, in pursuance of said conspiracy, caused an action to be commenced before Whittemore, a justice of the peace, in the name of Pettinger, to secure possession of the premises on the ground of the said false, fraudulent and pretended sale; that the case was taken on change of venue to C. S. Eyster, another justice of the peace, where judgment was rendered against the plaintiff, and in favor of Pettinger, for the possession of said premises; and that afterwards, on the 26th day of July, A. D. 1880, plaintiff was ousted and ejected from the premises by a constable of said county, under and by virtue of a writ of restitution issued by the said Eyster on said judgment; that said plaintiff afterwards, on the 23d day of December, A. D. 1880, removed said case to the county court by a writ of *certiorari;* and that on the 21st day of January, A. D. 1881, the case having been regularly tried in said county court, said court rendered a judgment in favor of the plaint-

iff against said Pettinger, which said judgment remains in full force and effect; that immediately after plaintiff was so ousted and ejected from said premises the defendant took possession of the premises, with all the valuable improvements thereto, and has remained in possession of the same, and has used and occupied the same, for his own use and benefit ever since, and still continues to so use and occupy the same, to the exclusion of the plaintiff and to his damage to the sum of $2,000. The complaint further alleges that, by reason of said malicious prosecution, in pursuance of said conspiracy to defraud the plaintiff, he has been put to great trouble and expense, and been compelled to pay out large sums of money for costs and attorney's fees, to his damage to the sum of $1,000. It further alleges that by reason of the ouster and ejectment of the said plaintiff from the said premises in pursuance of said conspiracy, the plaintiff's business was entirely destroyed and his credit greatly impaired, and the plaintiff was put to great trouble and expense in moving his fixtures and furniture and in procuring other premises for the use of himself and family, to his damage to the sum of $1,000; that at the time the plaintiff was so ejected and ousted from the premises, and for a long time thereafter, the plaintiff was unable to procure another place in which to carry on his business, and that by reason thereof he lost his time and labor, to his damage to the sum of $2,000. Wherefore plaintiff prays judgment against said defendant in the sum of $2,000, his damages, and costs of suit.

The lease attached to the complaint as an exhibit contains a condition of forfeiture for non-payment of rent, and provides that in such case the lessor may elect to declare the term ended and to re-enter the premises, either with or without process of law. *It also contains a provision that the lease shall terminate at any time, if the lessor, Wagner, shall sell the said property.*

The answer admits the lease to the plaintiff and the sale

to Pettinger, but denies the conspiracy to defraud; that the sale was a pretended sale, without consideration; and all the other material allegations of the complaint. It then sets up the following defense:

"And defendant avers that said Pettinger, on the purchase of said property by him from defendant, went into possession of all thereof and collected the rents thereof, and retained the same to his own use, and procured several of said buildings to be insured for his own use, and let portions thereof to various new tenants and received rents from defendant for the portion thereof occupied by him; and did, after said purchase, offer to and was ready and willing to continue said plaintiff as his tenant under said lease during the unexpired term thereof, as though no sale of said premises had been made; but plaintiff refused to continue as said Pettinger's tenant on said terms, but demanded from said Pettinger a new lease with new conditions, omitting therefrom the provisions of the former lease making the same terminate upon the sale of the leased property by the lessor; and, further, said Pettinger offered to give to plaintiff a new lease with the terms thereof so changed, but to run for one year, and plaintiff refused said offer also; and also said Pettinger offered to said plaintiff to make him a new lease for said premises on the same terms and for all the unexpired portion of time provided for in the former lease, and plaintiff refused said last-mentioned offer; and said Pettinger offered to plaintiff a new lease on said terms, and for the time mentioned in the former lease, conceding to the plaintiff the omission therein of the clause giving a lien for rent on the personal property of the lessee thereunto in said leased building, and plaintiff refused said last-mentioned offer also; and plaintiff at same time refused to pay to said Pettinger the rent then due for the month then elapsed and unpaid, and refused to continue as tenant under said Pettinger and pay rent according to the terms of the lease given him by defendant; but demanded to

stay in said premises, and refused to pay any rent therefor or accept any of the said offers of the said Pettinger; and thereupon, there being one month's rent then due said Pettinger (twenty-five dollars), back rent then unpaid on said premises by the terms of said lease, said Pettinger brought suit against said plaintiff before said O. A. Whittemore, justice of the peace, for the recovery of the possession of said leased premises, *as well because of the termination of plaintiff's tenancy therein for non-payment of rent thereon, as provided in said lease, as by reason of the termination of plaintiff's tenancy by the said sale of said premises;* and said cause for recovering said possession was tried by said C. S. Eyster, justice of the peace, on change of venue from said O. A. Whittemore, justice of the peace, and by him judgment was rendered in said suit in favor of said Pettinger and against said plaintiff herein, which is the same suit mentioned in plaintiff's complaint herein."

There was no replication to the answer. On the trial in the county court the plaintiff recovered. The defendant appealed to the district court, and on the trial judgment of nonsuit was entered, the court holding that the defendant's answer stated a good and sufficient defense to the action. To reverse this judgment plaintiff brings this writ of error.

Mr. JOHN P. BROCKWAY, for plaintiff in error.

Messrs. STALCUP, LUTHE and SHAFROTH, for defendant in error.

ELBERT, J.  The defendant in error, Wagner, took his appeal from the county court to the district court under section 5, chapter 23, General Laws, 254. No written notice was given the plaintiff of defendant's application to the county court to fix the time within which the appeal bond should be filed. The refusal of the district court to dismiss the appeal on this ground was not error,

as it appeared that plaintiff's attorney was present in the county court at the time of the application, and participated in the discussion respecting it. Such being the fact, no written notice was necessary, however it might be otherwise.

We think the district court right in holding the special matter set up in the answer, and unreplied to, a good defense.

The offer of the defendant's grantee, Pettinger, to waive the provision of the lease terminating the tenancy in case of sale, and to treat the sale in all respects as subject to plaintiff's lease, left the plaintiff without any legal ground of complaint. It then became his legal duty to either pay rent to the grantee of the reversion or to surrender the leased premises. He could not complain that the defendant sold subject to the lease, as his right to sell remained unabridged. He could not complain of having to pay rent to Pettinger instead of Wagner, for a covenant to pay rent is not personal, but runs with the land, and, in this case, the plaintiff's covenant to pay rent was a covenant with the defendant and "his assigns." As to the tenant, the grantee of the reversion stands in the same position that the lessor did before he parted with the reversion. Tayl. Landl. & Ten. § 439.

Nor is it sufficient for the plaintiff to say that the sale was fraudulent and void. A court will not inquire into a fraud except at the instance of the party injured by it. The effect of the sale would have been to terminate the plaintiff's leasehold estate under the provision of the lease, had the parties insisted upon it. But the defendant's grantee offered to waive the provision, and to treat the sale as subject to the lease. This left the plaintiff without a case calling for the interference of the courts. Had the grantee insisted upon the forfeiture, and had the powers of a court of equity been invoked by a bill for equitable relief against the alleged fraudulent sale, a decree that the sale should be treated as in all respects

subject to his lease would have met all of the plaintiff's
equities.   What a court of equity would have decreed,
conceding the sale to have been fraudulent, was offered
the plaintiff without suit, and by him refused.   So the an-
swer alleges.   Substantially, the answer is this:  It denies
the fraudulent conspiracy; admits the sale and eviction;
but alleges, in effect, that the sale of the leased premises
was subject to the lease, and that the plaintiff was evicted
by reason of his refusal to pay the stipulated rent to the
defendant's grantee.   This was a good defense, and, not
having been traversed, the defendant was entitled to judg-
ment of nonsuit.

· We do not inquire into the proceedings in the action of
forcible entry and detainer before the justice and county
court. This is not an action to recover possession, but for
damages; and we do not see that the judgment in the
county court affects the defense. The special matters set
up in the defendant's answer were not necessarily in issue
in the action in that court, nor do they appear to have
been in issue in fact.   Wells, Res. Adj. 167.

The judgment of the court below is affirmed.

*Affirmed.*