Wilsok, P. J.
This was an action in replevin, in which the plaintiff in- *507 error was plaintiff. The complaint was in the usual and common form, alleging that plaintiff was the owner, and lawfully entitled to the possession of certain personal property, and that the same was unlawfully detained by defendant, after demand made. The answer denied that plaintiff ever was the owner, or ever was in possession, or entitled to the possession of the goods and chattels, and also alleged that a chattel mortgage through which the plaintiff claimed title to the property was fraudulent as against the creditors of the mortgagor, and was executed without any consideration ; that the defendant had been appointed by a justice of the peace as special constable to execute a writ of execution issued by such justice on a judgment rendered in his court, and that he had taken possession of, and held such property, solely as such constable and by virtue of such process. The plaintiff replied, affirming the validity of his chattel mortgage, and denying that defendant ever was properly appointed a special constable as claimed. It seems that one Frank Prather had been a tenant of the plaintiff upon a farm, and whilst such tenant, he had executed, it is alleged, a chattel mortgage to plaintiff. Certain creditors of Prather obtained judgment against him before a justice, and defendant having been appointed a special constable to execute the writs of execution, seized the goods and chattels in controversy as the property of Prather. The appointment of defendant as special constable was in writing indorsed upon the back of the execution, and was as follows:
“ There being no legally elected constable in Precinct 36, I hereby appoint J. D. Endicott special Constable to serve the within execution.
“ J. S. Payne,
“ Justice of the Peace.”
The only statute authorizing the appointment of a special constable by justices of the peace requires that the appointment be made “by a written indorsement, under the seal of the justice deputing, on the back of the process which the person *508 receiving the same shall be deputed to execute.” Mills’ Ann. Stats, see. 2794; Gen. Stats. sec. 2068. There is no question but that the circumstances were such as to justify the exercise of the power of special appointment by the justice, because there was no legally elected constable in the precinct, and this was a matter presumably within the knowledge of the justice. The appointment was not made, however, in the manner prescribed by law. It was not under the seal of the justice. It has been decided by this court that “ the appointment by a justice of a person to act as constable must be in strict conformity with the statute, or the appointment is void, and the service of the process a nullity; and a defendant who justifies, under an alleged appointment must affirmatively show that the causes authorizing the appointment existed, and that it was made in the manner prescribed by the statute. There is no presumption in his favor.” Cort v. Newman, 6 Colo. App. 156. In support of this position, the court cited Gordon v. Knapp, 1 Scam. 488. In that case it was also expressly held that “the kind of process, and the mode of appointing the officer to execute it, should be in strict accordance with the statute, otherwise, the. appointment is void, and the service of the process a nullity.”
A justice’s court is not a court of record (Hamill v. Ferrier, 8 Colo. App. 267) having a seal, and we fail to see how the addition of a scroll or scrawl to the signature of the justice would add any force or effect to the act, but such is the law, and there is no escape from its plain and unmistakable terms. The statute was enacted in 1861, and was taken bodily from the statutes of Illinois, enacted long previous, when the presumption obtained to a greater extent than in later times that some mysterious potency attached to a seal, or scrawl. That it remains upon our statute books to-day in its present form is, we think, another evidence of the strong necessity for a revision of our statutes.
We are compelled, therefore, to hold that the defendant was not legally appointed a special constable, and that all of his acts in the attempted exercise of power as such by levy *509 ing the'writs of execution were invalid, and of no effect. It follows that the court erred in receiving evidence of the acts of the defendant as special constable, and also in its finding that the defendant was entitled to the exclusive possession of the property in controversy. The attempted appointment of the defendant as special constable being void and without any force or effect, his entire defense, which rested upon that fact, failed, and the judgment in his favor cannot be sustained. It will therefore be reversed.

Reversed.