[No. 2479.]

## STACY v. BERNARD.

1. **Constables—Executions—Sales.**

    Only a constable, or some one properly authorized by the justice of the peace to execute the writ, has authority to sell personal property under an execution issued from a justice of the peace. The constable has no authority to appoint a deputy or substitute to conduct such sale, and a sale made by another person instead of the constable is void.

2. **Sales—Executions.**

    The sale of personal property under an execution must be conducted by the officer holding the execution. An auctioneer may be employed to call off the property, but the officer must be present and conduct and direct the sale, and the auctioneer can strike off the property to the bidder only with the assent and approval of the officer. The sale must be by the officer.

3. **Executions—Sales—Action to Set Aside—Judgment on Pleading.**

    In an action to set aside an execution sale of personal property where the verified complaint alleged that the constable to whom the execution was issued and delivered turned it over to another person not a constable who proceeded to make the sale and that the constable was not present at the time of the sale,

and alleged other necessary facts, which were admitted by the answer, a judgment was properly entered for plaintiff upon the pleadings.

*Appeal from the District Court of Teller County.*

· Mr. T. B. MacDONALD, for appellant.

Mr. DAVID P. WILDER, for appellee.

. MAXWELL, J.

- Action by appellee to set aside a pretended execution sale of a house, made under an execution issued out of a justice court, and for damages.

On motion, judgment on the pleadings was rendered in favor of appellee.

It is admitted by counsel for appellant in his brief that "If judgment on the pleadings was legal no ground for complaint can be found in the amount of damages allowed."

The verified complaint set forth that plaintiff was the owner and in possession of the house at the date of the execution hereinafter referred to; that judgment had been rendered against him in the justice court; that an execution had been issued thereon and returned satisfied in part; that a second execution was issued and delivered to a constable of the county; that the constable to whom this execution was issued and delivered, turned over and delivered such execution to one Hathaway, who was not a constable and not authorized by law to execute the same; that Hathaway went to the place of sale designated in the notice of sale, and proceeded to make a pretended sale of such house, the only persons present at the time and place of sale being Hathaway and the judgment creditor; that thereupon Hathaway pretended to sell said house and called for bids; that the judgment creditor and Hathaway bid upon the property and Hathaway finally struck off the property to himself, upon his

bid of the amount due on the execution, declaring aloud the property "Sold to Hathaway"; that subsequently, upon failure of Hathaway to pay to the constable the amount of his bid, the execution was returned to the justice court by the constable to whom the same had been issued and delivered, endorsed:

"Executed September 3d, A. D. 1897, by levying upon one certain house on E. Warren avenue, consisting of four (4) rooms, painted white with green trimmings and numbered 501, which was advertised in three conspicuous places and sold to E. G. Vanatta for the sum of fifty-one dollars ($51.00), that being the highest and best bid offered on September 13th, at 1 o'clock P. M., A. D. 1897.

"W. E. CRAIG,<br>"Constable."

E. G. Vanatta, named in the return, was the judgment creditor who subsequently sold the house to the defendant, appellant here.

All of the above allegations of the complaint were admitted by the answer. The complaint is voluminous, occupying about seven pages of the abstract and embodies therein allegations of fraud and illegal acts, principally conclusions of law, to the denial of which the answer is principally addressed.

"All executions issued by a justice of the peace shall be directed to any constable of the proper county."—Mills' Ann. Stats., sec. 2668.

In treating of the powers and duties of constables Mr. Crocker says:

"They alone can execute processes from justice courts in civil actions, except in cases where the justice may depute another person to perform such service."—Crocker on Sheriffs, § 1019.

There is no pretense in this case that the justice deputed Hathaway to execute the writ. To the contrary, it is admitted that the writ was directed

to any constable of the county, and that Hathaway was not a constable.

No statutory authority exists in this state for the appointment of a deputy or substitute, by a constable, to make a sale under a writ of execution.

The sale of personal property, by virtue of any execution, must be conducted by the sheriff or other officer holding the execution. An auctioneer may be employed to call off the property. The officer, however, must be present and conduct and direct the sale and the property can only be struck off by such auctioneer, to· the bidder, with his assent and approval. The sale must be by the officer.—Crocker on Sheriffs, § 481; Freeman on Executions, § 291.

*Gordon v. Camp,* 3 Pa. St. 349, was an action of replevin. Defendant rested his title on a constable's sale, made by the constable of "Standing Stone" township. The statute directed justices of the peace to issue their process to the constable of the township where the defendant resided. The court said:

"Here, the execution was delivered to the constable of 'Herrick' who gave it to the constable of 'Standing Stone.' Every act done by the constable of 'Standing Stone' was illegal. His sale was as if no execution had issued; his acts were utterly void; and he was a trespasser."

In *Bruce v. Endicott,* 16 Colo. App. 506, replevin, defendant undertook to defend upon the ground that he had been appointed a special constable to execute the writ of execution under which he had seized the property. The statute requires a written endorsement under the seal of the justice on the back of the process to be served. The seal of the justice was lacking. It was *held:*

"We are compelled, therefore, to hold that the defendant was not legally appointed a special constable and that all of his acts in the attempted exer-

cise of power as such by levying the writs of execution were invalid and of no effect."

To the same effect is *Cort v. Newman*, 6 Colo. App. 154.

The acts of a commissioned officer being void, because process was not issued to him, and the acts of one who had been deputized under a statute authorizing such deputation by the justice, being invalid on account of a technical irregularity in the document evidencing his appointment, without doubt or question, the acts of one without a shadow of authority must be held to be invalid and void.

Under the admitted facts in the case in hand, the acts of Hathaway were absolutely void, and no title to the property was conveyed by the pretended sale made by him.

Appellant contends that Hathaway acted as auctioneer, only.

It is admitted that the constable, to whom the writ was delivered, was not present and did not conduct the sale, which under the authority of Crocker and Freeman above cited, is essential.

There was no error in granting the motion for judgment on the pleadings, and the judgment will be affirmed.                                        *Affirmed.*