[No. 5492.]
[No. 3162 C. A.]

## THE HILL BRICK AND TILE COMPANY v. GIBSON.

**1. Pleading—Replication—Necessity for Verification.**

Where the replication to a verified answer setting up new matter which, if established, would prevent a recovery by plaintiff, was not verified as required by Mills' Ann. Code, § 61, providing that if any pleading is verified, every subsequent pleading must also be verified, it was reversible error to deny a motion by defendant for judgment on the pleadings.—P. 106.

**2. Pleading—Replication—Departure.**

A complaint alleged defendant's incorporation, that it was engaged in conducting a certain business, and that plaintiff was employed by defendant; and the amended replication denied every allegation and statement contained in the answer, which answer, among other things, stated that the above allegations of the complaint were true. Held, that the replication was inconsistent with the complaint, and a departure therefrom.—P. 106.

*Appeal from the District Court of El Paso County.*
*Hon. Louis W. Cunningham, Judge.*

Action by T. A. Gibson against The Hill Brick and Tile Company, a corporation. From a judgment for plaintiff, defendant appeals.

*Reversed and remanded.*

Mr. ARTHUR CORNFORTH, for appellant.

Mr. W. A. EDMONSTON, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The complaint and answer are verified. The latter contains denials of some material allegations of the complaint and statements that defendant is a corporation, and that it owns and carries on a certain business, in conducting which it employed plaintiff, and that he worked for defendant as alleged in

the complaint. It also set up new matter as an affirmative defense, which, if proved at the trial, would prevent a recovery by plaintiff under the cause of action alleged in his complaint.

In order to put in issue such new matter in a verified answer, it was necessary for plaintiff to file a replication, which, under section 61 of the code, must also be verified.—18 Enc. Pl. & Pr. 718. The first replication to this answer was unverified, and it "denies each and every allegation and statement therein contained setting up new matter of defense." Defendant moved to strike it from the files on the ground that it was not verified, but the court overruled the motion.

The abstract does not disclose the reason for this ruling. Several days after the replication was filed, but before the order overruling the motion to strike was made, plaintiff filed a separate affidavit, purporting to be a verification of the replication, and it may be, though no permission was given for filing the affidavit, that the court considered it a sufficient verification of the pleading. The ruling complained of, however, is not important, in view of subsequent proceedings, except as throwing light thereon. After this ruling was made, a demurrer to the replication for insufficiency was sustained by the court, whereupon the plaintiff—although it does not appear that any leave was asked of, or given by, the court therefor—filed an amended replication to the answer, in which there was a denial of "each and every allegation and statement therein contained." This amended replication was not verified, and before the trial defendant called particular attention to such defect by moving for judgment upon the pleadings, not only because of this noncompliance with code section 61, but also because the replication was inconsistent with, and a departure from, the cause of

action set up in the complaint. The court overruled this motion for judgment on the pleadings, and proceeded with the trial, which resulted in a judgment for the plaintiff. Again these defects in the replication were called to the court's attention in the motion for a new trial, and they are renewed here in the assignment of errors and brief of appellant.

The ruling below, denying a motion for judgment on the pleadings, constituted prejudicial error for which the judgment must be reversed. It is too plain for argument that the replication to this answer should have been verified. The code expressly requires it, and the proper objections were seasonably and repeatedly interposed, and as often disregarded.

Besides the replication is inconsistent with the complaint; a defect which, under the common law practice, is called a departure. To establish his cause of action, plaintiff must prove the fact of defendant's incorporation, that it was engaged in conducting a certain business, and that he was employed by defendant and was working therein as was expressly charged in the complaint. The amended replication denied every allegation and statement contained in the answer, and this answer, among other things, contained statements that these essential allegations of the complaint were true. The replication, therefore, in legal effect, denied the very things which plaintiff was required to prove before he was entitled to recover, and it was, therefore, inconsistent with, and repugnant to, important statements in the cause of action set up in the complaint.— 18 Enc. Pl. & Pr., pp. 700, 705, 720, 722, 723; *Lebanon M. Co. v. Consolidated Rep. M. Co.,* 6. Colo. 371; *Bruce v. Endicott,* 16 Colo. App. 506; *Moyle v. Bullene,* 7 Colo. App. 308; *Allenspach v. Wagner,* 9 Colo. 127.

Because of both these defects, and for the reasons given, the judgment is reversed and the cause remanded.                    *Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.