### SNODGRASS V. HOLLAND.

1. In proceedings under the lien acts all persons in interest, whether of the property or as lien claimants, are to have notice; but the defendants proper, who are to be summoned as such in the action, are the owners of the property sought to be charged by the lien to be decreed.

2. Any person whose interest therein, when disclosed, requires it, may be made a party pending the proceedings prior to the final decree.

*Appeal from District Court of Clear Creek County.*

THE facts are stated in the opinion.

Messrs. MORRISON and FILLIUS and MITCHELL and PALMER, for appellant.

Messrs. L. H. SHEPARD and T. J. CANTLON, for appellee.

STONE, J.   This was a proceeding to enforce a miner's lien.   It was commenced in the county court of Clear Creek county by the appellee Holland against the appellant Snodgrass and one Warwick.

On trial in that court the case was dismissed as to the defendant Warwick, and judgment rendered for the plaintiff therein against Snodgrass for $360, for which a lien was decreed against the mine upon which plaintiff had done work in sinking a shaft.

From this judgment the defendant Snodgrass appealed to the district court, and therein a rule was afterwards entered upon Warwick to show cause why he should not be made a party defendant, to which rule Warwick appeared, and, when the jury were called for trial, he objected to the jury being sworn to try the case as to him. The court sustained this objection and directed the jury to be sworn to try the issue between the plaintiff and the defendant Snodgrass, alone.

To this ruling Snodgrass then objected, which objection was overruled, and the jury sworn to try the issue as between plaintiff and Snodgrass.

This ruling of the court was excepted to and is assigned for error.

Upon trial as thus directed, a verdict was found for plaintiff for $291.25, which amount the court decreed that Snodgrass should pay to Holland, and in default thereof, the mine in question, against which a lien was decreed, should be sold to satisfy the said amount.

The other errors assigned are to the ruling of the court in admitting in evidence the lien filed for record against Snodgrass and Warwick upon the mine in question; in overruling appellant's motion for non-suit; in refusing to

charge the jury as requested by appellant; in refusing new trial; and in entering judgment and decree against appellant as rendered.

From the evidence as presented by the record, it appears that the mine upon which the lien was taken was the property of Snodgrass and Warwick, each owning an undivided one-half in fee; that the contract for the work of Holland was made with him by Snodgrass on behalf of himself and Warwick, and was so understood by Holland.

The only question in issue upon the trial seems to have been as to the terms of the contract and the performance by Holland in doing the work and the proper amount due thereunder.    Upon what ground the proceedings were dismissed as to Warwick in the county court, and for what reason he was not afterwards held to be a party defendant in the district court upon being ruled to show cause therefor, the record is silent.    He was certainly, so far as this record discloses, a proper and necessary party defendant.    He was a tenant in common of the premises, owning an undivided interest in fee thereto; that the contract was made on his behalf, as that of his co-tenant Snodgrass, by his authority or sanction, does not appear to have been disputed, and the work done, from the very nature of it, inured to the benefit of both owners, and appears to have been so intended.    And notwithstanding there was a judgment against Snodgrass personally for the amount found due, or what amounts to the same thing in that he was decreed to pay the same, the decree for the lien was not limited to the interest of Snodgrass therein, but was against the entire premises, directing a sale of the whole property in the event of non-payment by Snodgrass.

It is scarcely necessary to say that a judgment or decree cannot affect the estate of one who was not a party thereto, and in this proceeding a judgment could not be rendered against the property generally, and against but one of the owners thereof, in a right of action clearly

against both jointly. *Lowe v. Turner*, 1 Idaho, 110; *Steigleman v. McBride*, 17 Ill. 300.

In these proceedings under the lien acts, all persons in interest, whether of the property or as lien claimants, are to have notice; but the defendants proper, who are to be summoned as such in the action, are the owners of the property sought to be charged by the lien to be decreed. *Decker v. Myles*, 4 Col. 558.

And under the code procedure as well as under the chancery practice, which formerly obtained in these cases, any person whose interest therein, when disclosed, requires it, may be made a party pending the proceedings, prior to final decree, as a just and proper adjudication of the rights of all parties in interest may demand.

Upon the state of the case as presented by the record, we must hold that the district court erred in not making Warwick a party defendant to the proceedings therein. If, however, for any good reason not disclosed by this record, Warwick was not a necessary or proper party, then the decree for the lien on the premises should have been against the interest therein of Snodgrass alone.

Under this view it is not necessary to notice the other assignments of error, which depend upon the question of whether Warwick was a proper party defendant or not.

For the error pointed out the judgment and decree must be reversed, and the cause remanded to the district court for further proceedings therein not inconsistent with this opinion.

*Reversed.*