GERMAN NATIONAL BANK v. ELWOOD.

1. EXCEPTIONS, HOW PRESERVED.— A recital in the minutes made by the clerk, to the effect that the ruling or judgment of the court is excepted to, is not sufficient to preserve such exception. Exceptions to the rulings and decisions of the court can be preserved only by bill of exceptions duly signed and sealed by the presiding judge.

2. PRESUMPTIONS IN FAVOR OF JUDICIAL RECORDS.— The records and judgments of a court of general jurisdiction are presumed to be regular and free from all jurisdictional defects as well as other errors, unless the contrary clearly appears.

3. PARTY TO FORECLOSURE OF LIENS.— The general rule is that the owner of the property upon which miners'.or mechanics' liens are sought to be foreclosed shall be made a party to foreclosure proceedings; but *quære*, whether, if the property and the title thereto have been regularly transferred to a third person for the purpose of being disposed of to pay incumbrances against the same or to pay debts against the owner, it may not be sufficient to make such third person a party to the foreclosure proceedings instead of the original owner.

4. WRIT OF ERROR, WHAT NOT OFFICE OF.— It is not the office of a writ of error to relieve a party from his own mistakes or omissions in the lower court.

5. APPELLATE PROCEEDINGS, HOW PROSECUTED.— A review by the supreme court upon writ of error must be prosecuted upon matters appearing in the record, and not upon *ex parte* matters introduced afterwards.

*Error to District Court of Summit County.*

C. W. ELWOOD was plaintiff below. A. G. Hoopes, receiver of the Warrior's Mark Mining Company, and the German National Bank of Denver were defendants. The action was brought by plaintiff in his own right and as assignee of certain other miners to enforce certain miners' liens against the property of the Warrior's Mark Company. The liens arose out of work done by plaintiff and his assignors under contract with said company upon its mines.

The complaint shows that *the work by said plaintiff and his assignors continued up to the time when said mines and all the property of said company, both real and personal, passed into the hands and under the control of the defend-*

*ant Hoopes, as a receiver appointed by the district court of Summit county,* the same court in which this action was brought and tried.

The complaint further shows that the defendant, the German National Bank of Denver, claimed a lien upon the property of said mining company by virtue of an attachment levy.

The prayer of the complaint was to the effect that the amount found due plaintiff on account of the liens in favor of himself and said other miners be decreed to be prior liens upon the mining property as against all persons; that the said defendant bank be required to answer concerning its lien; that plaintiff's liens be foreclosed, and that the receiver proceed, upon notice to be fixed by the court, to sell the property in his hands for the purpose of paying said liens, and that if any balance remain after the payment of the liens in favor of plaintiff, the same be applied to other claims against said mining company.

The receiver and the bank each filed a separate answer, contesting the plaintiff's claims upon the merits. Upon the trial the court found and rendered judgment in favor of plaintiff for the sum of $8,114.50 on account of the claims represented by him, and declared the same to be liens upon the property of said company in the hands of said receiver, and that such liens were prior to the lien claimed by the bank. The decree ordered the sale of the property covered by such liens, the proceeds to be applied to the payment of the plaintiff's judgment. The defendant bank brings the cause to this court by writ of error.

Mr. M. B. CARPENTER and Messrs. PATTERSON & THOMAS, for plaintiff in error.

Mr. D. E. PARKS, for defendant in error.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The assignments of error are in effect as follows:

1. That the district court had no jurisdiction whatever

over the Warrior's Mark Mining Company or over its property, and had no jurisdiction to render any judgment or decree in the action against said company, for the reason that said company was not a party to the action.

2. That the district court had no right or authority to adjudge or decree the liens of plaintiff to be prior or superior to the lien of the defendant bank.

The cause was referred for trial to a referee, who reported findings and judgment to the court. The final decree as rendered by the court and signed by the judge shows that *no objections or exceptions were taken by either party to the report of the referee or to the filing or approval thereof by the court.*

It does not appear that any attempt was made to preserve any objection or exception in the court below at any stage of the proceedings until the next day after final judgment was rendered. Then, for the first time, a recital appears *in the minutes made by the clerk* to the effect that the attorney for defendant comes and " excepts to the entering and filing of the judgment and decree *heretofore* entered herein." It is scarcely necessary to say that such recital in the clerk's minutes is not sufficient to preserve an exception to the final judgment. It is well settled that exceptions to the rulings and decisions of the court cannot be thus preserved for review upon error or appeal. Exceptions can be preserved for such purpose only by a bill of exceptions duly signed and sealed by the presiding judge. See *Rutter v. Shumway, ante,* p. 95, and cases there cited. The court gave defendant ninety days in which to prepare and tender a bill of exceptions; but no such bill has been certified to this court.

If objection had been taken in the court below on the ground that the Warrior's Mark Mining Company was not made a party, or on the ground that the complaint did not allege with sufficient certainty the transfer of said company's property to the receiver, these alleged defects might have been remedied. It is true, the allegations in respect

to such transfer are not very specific; they are perhaps inaccurate and defective in form, but they are in no way controverted by the answer of either defendant, and it cannot properly be said that the defects alleged are jurisdictional, or of such a nature as to require a reversal of the judgment upon an objection made for the first time in this court. Bliss on Code Pleadings, secs. 435–438.

The court from which this record comes is one of general and unlimited original jurisdiction as to all causes at law and in equity. Its records and judgments are presumed to be regular and free from all jurisdictional defects as well as other errors, unless the contrary clearly appears.

The general rule undoubtedly is, that the owner of the property upon which miners' or mechanics' liens are sought to be foreclosed shall be made a party to the foreclosure proceedings. If, however, the property and the title thereto have been regularly transferred to a third person for the purpose of being disposed of to pay incumbrances against the same or to pay debts against the owner, we are not prepared to say that it may not be sufficient to make such third person a party to the foreclosure proceedings instead of the original owner. In this case, however, we do not decide that the rights of the Warrior's Mark Company, or the rights of the bank or of Elwood as against said company, are necessarily concluded by this proceeding. The Warrior's Mark Company is not here complaining. The plaintiff in error was summoned and appeared as a party to the action. It made no objection on the ground of a defect of parties. It made no objection to the form or substance of the pleadings nor to the amount or character of the proof. It took no exception to the finding or judgment reported by the referee, nor to the final decree of the court. It will be presumed, therefore, for the purposes of this review, that sufficient was made to appear before the trial court to justify its findings and decree, so far as the parties to this record are concerned. Bliss on Code Pleadings, *supra.*

Our conclusion upon this point in no way conflicts with the previous decisions of this court as cited by counsel. The *Decker-Myles Case*, 4 Colo. 566, in which it was said that *the defendants proper in proceedings to foreclose miners' and mechanics' liens are the owners of the property sought to be charged*, was an original action growing out of a previous foreclosure suit. The question involved was in no way analogous to the one at bar. The *San Juan-Finch Case*, 6 Colo. 214, was also an original action brought to restrain the execution of a judgment rendered against the San Juan Company without service of process upon said company. The *Snodgrass-Holland Case*, 6 Colo. 596, was a suit to enforce a miner's lien against a mine *owned in fee by Snodgrass and one Warwick as tenants in common; that the contract under which the lien was claimed was made by the authority and sanction of Warwick does not appear to have been disputed.* Snodgrass *moved in the court below* that his co-tenant Warwick be made a co-defendant; and for the refusal of the court to grant this motion the judgment was reversed.

It is not intimated by this opinion that the Warrior's Mark Company might not by an original suit obtain relief against the judgment now under review; nor is it decided that if plaintiff in error had moved in the court below to make the Warrior's Mark Company a co-defendant that it would not have been error to have refused the motion. Plaintiff in error knew, when this cause was pending below, or had the means of knowing then as well as now, the necessity of making the Warrior's Mark Company a co-defendant, if such necessity there was. A party cannot ordinarily resort to an appellate court to obtain relief from his own mistakes or omissions in the lower court. Such is not the usual office of the writ of error.

The transcript in the case of *Denison et al. v. The Warrior's Mark Mining Company*, filed in this proceeding, cannot be regarded in any sense as a supplemental transcript in this case. It does not appear ever to have been made a part of this proceeding in the court below. Perhaps if it

had been introduced in evidence on the trial below it might have had some bearing on the case. But this review must be prosecuted on the record, and not upon *ex parte* matters introduced afterwards. *Luthe v. Luthe*, 12 Colo. 429.

As to the right and authority of the court to determine the priority of the liens claimed by the plaintiff for himself and his assignors and the defendant bank respectively, there can be no doubt. The bank by its answer joined issue with plaintiff and asked to have its lien by attachment adjudged to be prior to any lien claimed by plaintiff. It had full opportunity to be heard by evidence and by its counsel. If it had succeeded in establishing the priority of its lien by a decree of the court, it might have proceeded to sell the property by virtue of its levy discharged of plaintiff's liens, and thus would have gained all it desired in the litigation. In case of success, there was no necessity on its part to make the mining company a party to the litigation, inasmuch as the only issue material to its interests and the only parties necessary to an adjudication of its claims were before the court. Surely, it cannot now be successfully urged as a ground of error in behalf of the bank that it did not anticipate defeat, and so did not take the steps necessary for the protection of its interests in such a contingency. The issue as joined between the parties was found and adjudged in favor of plaintiff, and nothing whatever, either of law or of fact, is shown in the record against the correctness of such finding and adjudication. Certainly, no reason appears why the adjudication of the controversy in respect to the priority of the respective liens should not be regarded as final between the parties to the record. Phillips on Mechanics' Liens, sec. 395.

The judgment of the district court is affirmed without prejudice to the defendant bank as a lien claimant junior to plaintiff in respect to the liens adjudged against the property known and described in the record as the property of the Warrior's Mark Mining Company.

*Affirmed.*