Thomson, J.,
delivered the opinion of the court.
J. W. More, as husband of M. A. More, deceased, petitioned *512 the county court of Lake county for the removal of J. C. Roberts as administrator of her estate, and the revocation of his letters of administration, for the reason that he. had obtained his appointment as administrator by falsely representing that he was a creditor of the estate, whereas he was not such creditor. The court thereupon ordered a hearing upon the demand filed by Roberts against the estate, appointing Geo. S. Phelps to represent it and manage its defense; and upon the hearing found that the estate was indebted to the administrator in the sum of 1101.88, and allowed his claim for that amount. No action was taken upon the petition for removal. ■ From the judgment of allowance More prayed an appeal to the district court, which was allowed upon the filing of an appeal bond in the sum and within the time fixed by the court. More filed his bond accordingly, and afterwards, by leave of court, filed an amended bond. Roberts moved the court to dismiss the appeal on the ground that it was unauthorized by law. The court denied the motion and proceeded to an adjudication of the demand of Roberts against the estate, rendering judgment against him upon the claim, and in favor of More for costs, from which judgment Roberts has prosecuted error to this court.
We cannot conceive upon what theory this appeal was entertained. The judgment of the county court was against the estate. Roberts Was plaintiff and the estate defendant. More was not a party to the proceeding in which the claim was adjudicated. The estate took no appeal and was not before the district court. The district court could acquire no jurisdiction of the cause except upon appeal by the party aggrieved by the judgment. There is no provision for an appeal by a stranger to the record.
It follows that the appeal was a nullity. The district court acquired no jurisdiction of the estate, or of the subject-matter of the controversy, and all its proceedings in the case were void. It was unnecessary to preserve exceptions to the rulings made by the district court, or to its final judgment. The *513 want of jurisdiction appears upon the face of the' record, and the objection was not waived by failure to save exceptions.
The judgment will be reversed, with direction to the court below to dismiss the appeal.

Reversed.