## No. 8668.

ZOLLINGER, ET AL. *v.* VALDERIN (HOOD, ADMR.).

Decided October 8, 1917.   Rehearing denied December 3, 1917.

Motion in district court to dismiss appeal from county court for alleged failure to file appeal bond in time. Motion sustained.

### *Reversed.*

1. APPEAL BOND—*Presumption.* A motion was made to dismiss an appeal on the ground that the bond had not been filed within time. As to whether further time had been asked or granted, the record was silent. *Held*, that the bond having been filed and approved, the appellate court must presume the filing and approval to be regular in all respects in the absence of an affirmative showing to the contrary.

2. MOTION—*Showing.* An unverified motion, not supported by affidavit is in no sense such an affirmative showing as is required to rebut the presumption of regularity of court proceedings.

*Error to the District Court of Douglas County, Hon. J. W. Sheafor, Judge.*

Messrs. HILLIARD, LILYARD & FINNICUM, Mr. JOHN D. MILLIKEN, for plaintiffs in error.

Mr. C. M. DEARDORFF, Mr. HARVEY RIDDELL, for defendant in error.

MR. JUSTICE BAILEY delivered the opinion of the court.

PLAINTIFF in error seeks to review an order of the district court dismissing an appeal from the county court from

a decree refusing probate of a will. The instrument was rejected on the 5th of February, 1915, and twenty days allowed for filing an appeal bond. Bond was filed on the 23rd, which was disapproved two days later. Fifteen days further time was allowed, and another bond was filed on the last day of the extended time. Objections were made to this bond, also, and it was disapproved on March 27th. On the same day another bond was filed, which was approved on April 1st, 1915.

In a motion filed in the district court it is contended in substance by defendant in error that no extension of time after March 12th, 1915, was allowed by the county court, that no notice was given or received of any such extension, that no such extension had been asked for by plaintiffs in error, and that, therefore, the bond as approved by the county court was of no validity to perfect an appeal. The motion was sustained, and the appeal dismissed. It is that order which is now here for review.

Several questions are raised by contestants, but the fundamental issue is whether the last bond offered, which was approved April 1st, was presented and approved in conformity with the statute. The record shows that the fifteen days additional time allowed by the court had expired when the bond in question was filed. As to whether further time was asked for or allowed the record is silent. Such additional time was absolutely essential in order to allow the bond to be filed and give the court jurisdiction to approve it. The presumption arises that, as the court did approve the bond, that such act was lawful and regular in all respects. It is to be presumed that the acts and proceedings of courts of record are regular and free from error, unless the contrary affirmatively appears upon the face of the record. *German Nat. Bank v. Elwood,* 16 Colo. 244, 27 Pac. 705.

In *Wilson v. The People,* 3 Colo. 325, this court, in discussing the presumption of regularity which attaches to all official acts of the court, said at page 328:

"Every reasonable intendment must be made in favor of the regularity of the record. The record asserts that the grand jury of twelve men were selected and chosen according to law, but as to the particular manner of selecting them it does not speak. We are not permitted to presume, in the silence of the record, that the court adopted an illegal method in convening the grand jury."

In this case the record shows the filing and approval of the bond in question. We must presume that such filing and approval were regular, and according to the statute, unless affirmative showing is made to the contrary. *National Bank v. Elwood, supra.* There is no affirmative showing in this case that further time was not granted according to law, and in the absence of such showing the presumption becomes conclusive as to the regularity of the proceedings in the lower court. *Christ v. People,* 3 Colo. 394; *Taub v. McClelland,* 10 Colo. App. 190, 51 Pac. 168; *Reeves v. Best,* 13 Colo. App. 225, 56 Pac. 985; *Giano v. People,* 30 Colo. 20, 69 Pac. 504; *East Denver District v. Altura Co.,* 60 Colo. 452, 154 Pac. 100.

The motion of defendant in error in the district court, upon which the dismissal of the appeal is based, was in no sense such an affirmative showing as is required to rebut the presumption of the regularity of the proceedings of the county court. The motion was unverified and unsupported by affidavits, and as evidence of its own contents is worthless. The judgment of the district court dismissing the appeal will therefore be reversed, and the cause remanded for trial upon its merits.