No. 14,690.

Estate of Morrish.
Wheeler *v*. Morrish.
(104 P. [2d] 460)

Decided June 24, 1940.

Mr. ARTHUR E. MARCH, for plaintiff in error.

Mr. FANCHER SARCHET, Mr. JEROME SMITH, for defendant in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

WHEELER, plaintiff in error, filed a claim for $4,000 for services rendered, against the estate of Sabray Morrish, deceased. The claim was disapproved by the executor, after which the matter was tried to a jury in the county court which awarded claimant $1,000. Upon her motion, this verdict was set aside, and the claim allowed by the county judge in the sum of $2,750. Executor did not contest this judgment, but defendant in error, widower of the decedent and only heir at law, appealed to the district court, which, after denying a motion to dismiss, and upon a hearing, reduced the amount allowed by the county judge to $950.00, for which judgment was duly entered. We granted supersedeas, and reversal is sought on a writ of error.

Counsel agree that only two questions are involved: 1. May an heir appeal, from the county court to the district court, a ruling by the former on the allowance of a claim against an estate? 2. If this question be an-

swered in the affirmative, is it necessary to obtain an order from the county court allowing such appeal?

1. The right of an heir to appeal. Section 243, chapter 176, '35 C.S.A., C.L., §5379, provides that appeals may be had in probate matters "in the same manner as is now or may hereafter be prescribed by law for appeals from the county court to the district court in civil or law cases; provided, however, that when such appeal is prosecuted by the administrator, executor, guardian or conservator of any estate, no bond shall be required either by said county or district court." The original of this act was passed in 1903. S.L. 1903, p. 531. This language clearly indicates that the right of appeal is not limited to the personal representative. As to who else has the right, we must look to section 165, chapter 46, '35 C.S.A., C.L. §5776, which reads as follows: "Appeals may be taken to the district court of the same county, from all final judgments and decrees of the county court, except judgments by confession, by any person aggrieved by any such final judgment, or decree; provided, that no appeal shall be taken from a judgment by default, or of nonsuit unless, within ten days after the rendition of such judgment; application shall have been made to the court, by the party aggrieved, to set the same aside, and such application shall have been refused."

▇▇▇ Appeals may be taken by "any person aggrieved." Plaintiff in error construes these words to mean a party to the record, only. Such a narrow construction is not justified. The general rule seems to be that, "Any person affected by a judgment or decree of the probate court with respect to claims against the estate may appeal therefrom, whether a party to the record or not." 24 C.J., p. 385, §1071.

Plaintiff in error relies on the case of *Roberts v. More,* 5 Colo. App. 511, 39 Pac. 346, in which Judge Thomson, speaking for the court, said: "There is no provision for an appeal by a stranger to the record." However, that case was decided in 1895 when the applicable statute

provided that appeals in probate matters shall "lie to the district court * * * in favor of any one or more parties against whom such question or questions may have been decided * * *." G.S. '83, §508.

It may be noted that no reference was made in the Roberts decision to any statute, nor was any discussed, but it is not disputed that section 508, supra, was the only one applicable to such proceedings at that time. The case cannot be cited as authority here, for the phrase "any person aggrieved," was not used in the statute and was not before the court in any manner.

Although section 165, chapter 46, supra, allowing "any person aggrieved" to appeal, was the law in 1885, it did not become applicable to matters of probate until the original of section 243, chapter 176, supra, was passed in 1903 (S.L. 1903, p. 531), several years after the Roberts case had been decided, and while the matter has not been passed upon by this court, the presumption would be that an heir, if he be "a person aggrieved" would have the right to appeal from a decree or order affecting his interest in a substantial way. Without defining "any person aggrieved," we have no hesitancy in saying that defendant in error, being the only heir at law, was "aggrieved" to the extent of nearly two thousand dollars, and to indulge in a technical restriction of language which would deny him the right to have a judgment affecting his substantial rights reviewed, would be imposing an injustice which a reasonable construction of the present statute does not require.

While in a recent case we held that "any injury to the interests of heirs * * * even though not aggrieving the administrator personally, in legal effect is a grievance affecting him in his fiduciary and representative capacity." (*In re Huling's Estate*, 105 Colo. 475, 99 P. [2d] 194), and his right of appeal was upheld, it does not follow that such right was exclusive in him. We think of several reasons why he might not exercise the right and thus bar appeal by others who were "ag-

grieved" in a sense more real than was he. There are cases, as stated in the Huling opinion, in which the personal representative may not appeal.

██ 2. We find no statutory provision requiring an order from the county court allowing such appeals if a bond is filed and approved within ten days after the order or decree of the county court has been rendered. It is only where an extension of time is asked "upon good cause" that any order of court is necessary. '35 C.S.A., c. 46, §166, C.L. §5777. Further discussion of this point is unnecessary; however, we may state that even though there may have been some informalities in connection with the giving of the bond in the amount of $6,000, the sureties thereon apparently were responsible, and, the bond having been duly approved by the court, any imperfections could be corrected under the provisions of section 168, chapter 46, supra. *Childers v. Baird*, 59 Colo. 389, 148 Pac. 856.

Judgment affirmed.

MR. JUSTICE FRANCIS E. BOUCK and MR. JUSTICE BURKE concur.