No. 19,055.

BOBBOLENE SWINGLE *v.* ESTATE OF GEORGE POLLO, DECEASED, AND ANNA POLLO, DECEASED.
(360 P. [2d] 808)

Decided March 13, 1961.   Rehearing denied April 17, 1961.

Messrs. CHISHOLM, HOWARD & DAANE, for plaintiff in error.

Mr. NICHOLAS MAGILL, for defendant in error Estate of Anna Pollo, deceased.

*En Banc.*

MR. JUSTICE DOYLE delivered the opinion of the Court.

THE question in this case is the propriety of the dismissal of an appeal from the county court of Routt County to the district court for that county. The dismissal was on the grounds that the appeal bond was not timely filed and that it was insufficient in amount.

The matter in issue is a claim against the estate of George Pollo who died on May 3; 1957. The chief beneficiaries under his will were his mother, Anna Pollo, who died subsequently, and Bobbolene Swingle, the plaintiff in error here. The estate of Anna Pollo filed

three claims against the estate of George Pollo which were allowed by the county court in the amount of approximately $16,560.00, one on August 18, 1958, and two on August 19, 1958. Bobbolene Swingle, hereinafter referred to as appellant, appearing as a legatee under the will, sought to appeal the order allowing said claims.

On August 26, 1958, counsel for appellant filed their appearance in the district court. On August 30, 1958, an appeal bond bearing the notation "Filed in the County Court Routt County, Colorado August 30, 1958 s/ Gay Root, Clerk" was approved by the county judge. It is conceded by all parties concerned that the appeal bond was mailed special delivery from Denver on August 26, 1958. The estate of Anna Pollo, subsequently referred to as claimant, moved on November 29, 1958, to dismiss the appeal. The district court ruled on December 17, 1958, that the appeal should not be dismissed on account of what appeared to be a delay in filing and also granted appellant additional time within which to make certain corrections in the form of the bond. A substitute bond was filed on December 29, 1958, and approved on December 31, 1958. Claimant then sought to set aside the order of the district court, and argument on this motion having been held, the court concluded that as a legatee the appellant had no standing to prosecute an appeal; that the substituted bonds were insufficient in amount, and that the original bond had not been timely filed. Appellant seeks review of the dismissal of her appeal.

In its original ruling on the motion to dismiss the appeal the district court noted that the bond was mailed from Denver special delivery on August 26 and that in the ordinary course of mail would have been received by the clerk of the county court on August 27, within the ten days from the first county judgment on August 18. It then went on to state:

"However the Court is of the belief and finds that the bond was so mailed by counsel on the 26th, whatever the occasion for the delayed file mark and further of the

belief that the appeal should not be dismissed on account of the delayed filing."

On a motion to set aside its first ruling (which denied the motion to dismiss and ordered appellants to file a new bond in proper form) the court reversed itself and ordered the appeal dismissed, one of the grounds for this ruling being that the appeal was not timely commenced. The court relied on *Niles v. Shinkle,* 119 Colo. 458, 204 P. (2d) 1077, and stated:

"The bond first filed did not reach the Clerk of the County Court within the 10 days. It bears file mark August 30th, 1958, the 11th day following the trial on August 19th. This Court will not presume that the Clerk of the County Court was lax in the filing of the bond. It will be on the contrary presumed from the file mark that it was actually filed, that is lodged, in the County Court on August 30th. * * * "

The court pointed out that various means were open to plaintiff in error to insure that the bond would reach Steamboat Springs, the county seat of Routt county, by August 28.

The following are the issues presented for decision:

1. Did the trial court err in holding that the appeal had not been perfected within the time prescribed by C.R.S. '53, 37-6-11?

2. Whether the bond filed by the plaintiff in error was basically sufficient to satisfy the requirements of the above cited statute.

I. *Timeliness of the Appeal.*

37-6-11, supra, appears to impose two requirements on one who desires to appeal his case from the county court to the district court. Subsection 1 provides that the appeal must be made within 10 days after final judgment. A further proviso declares:

" * * * that the county court, at any time within the period above limited, upon good cause shown, may extend the time for an appeal."

Subsection 2 declares that the appellant must within

the time prescribed, that is 10 days, enter into an undertaking payable to the adverse party.

It would appear from a reading of the cases that the significant step in the perfection of an appeal is the filing of a bond, which would mean that even though the party had given a notice of appeal or had in some other manner manifested intent to appeal, the judicial requirement of a bond filed within 10 days would still remain. See *Heil v. Simmonds,* 17 Colo. 47, 28 Pac. 475; *Hunt v. Arkell,* 13 Colo. 543, 22 Pac. 826; *Law v. Nelson,* 14 Colo. 409, 24 Pac. 2; *Straat v. Blanchard,* 14 Colo. 445, 24 Pac. 561. Cf. *County Court of City and County of Denver v. Eagle Rock Mining and Reduction Co.,* 50 Colo. 365, 115 Pac. 706. Therefore, accepting the premise that the essential requirement is that which demands that the bond be filed within the 10-day period, the ultimate determination is the propriety of the trial court's decision that this bond failed to meet the 10 days requirement. The record before us sets forth a typewritten copy of the bond originally filed in the county court of Routt County. On it is the notation quoted above from which it is to be inferred that it was filed on August 30, which would be two days late. No other evidence is submitted in support of the finding of the district court. Whether the clerk of the county court actually testified and, if so, whether the testimony established the date of actual receipt of the bond is not disclosed. Plaintiff in error argues that the evidence that the bond was received by the clerk prior to August 30 is just as strong, if not stronger, than the inference raised by the filing stamp. She points to the fact that her attorney's appearance was entered on August 26, 1958, and that this was mailed from Denver on the same day that the bond was mailed. She further points out that the county judge approved this bond and that a presumption that it was timely filed arises from this fact.

The case of *Zollinger v. Valderin,* 69 Colo. 39, 168 Pac. 1118, supports the latter contention of plaintiff

in error. It holds that the burden is on the party who seeks to dismiss the appeal in a case where the bond has been approved by the judge to establish that the county court had not granted an extension of time in accordance with the proviso in the statute. This is part of the doctrine that a presumption exists that judicial proceedings are regular and that one who seeks to set them aside has the burden of establishing their irregularity. Applied to this case, it is the defendant in error who is the moving party and who must bear the unfavorable onus resulting from the dearth of evidence.

■ Was the district court justified in finding as a fact that the bond was filed out of time in view of the inconclusive state of the record? This is answered in the negative. Standing alone, the notation would perhaps be adequate, but it serves to create no more than an equal possibility when weighed against the undisputed fact that the bond was mailed from Denver special delivery on August 26 and was approved by the judge of the county court. It is to be noted in this connection that a party is held to have discharged his duty as to filing when he delivers the document to a proper official. The endorsement of such filing is evidence. See *Hook v. Fenner*, 18 Colo. 283, 32 Pac. 614. Numerous Colorado cases recognize the principle that judicial proceedings are presumed to be regular.

In view of the foregoing, we must hold that the finding is not supported by substantial evidence and that it must be set aside.

II. *Sufficiency of the Bond.*

C.R.S. '53, 37-6-13, is applicable. It declares:

"No appeal shall be dismissed on account of a defect or informality in the undertaking, or the insufficiency thereof, if the appellant or appellants, within a reasonable time, to be fixed by the court, shall file a good and sufficient undertaking."

■ The present question is whether a bond payable to the Estate of George Pollo, rather than the true ad-

verse party, the Estate of Anna Pollo, is such a defect, informality or insufficiency (within the statute) as to preclude correction. No cases are offered in support of the contention that this bond was a nullity, and we are not prepared, in view of the broad language of 37-6-13, to so hold. It is our conclusion that the court had the power to make appropriate orders to the end that the actual adverse party be secured by the bond. In these circumstances, a cost bond would have provided adequate security. This is not a fact situation such as that contemplated in C.R.S. '53, 37-6-11 (2), which provides that:

" * * * in case the judgment be for the payment of money, and against the party appealing, the undertaking shall be in double the amount of the judgment, or decree, appealed from * * * "

It is to be further noted that C.R.S. '53, 152-1-8, allows an executor or administrator to appeal without the giving of a bond. *Wheeler v. Morrish,* 106 Colo. 312, 104 P. (2d) 460, upheld the right of an heir to appeal the judgment of the county court as an aggrieved person. It was said that in such circumstances the appeal is brought to safeguard the interests of the heirs or other beneficiaries. Thus the heir is substantially in the same position as the administrator. An additional reason for not placing overemphasis on the form of the bond arises from the fact that the bond serves little purpose where, as here, the appeal is by a beneficiary. Although the allowed claim is tantamount to a judgment (see C.R.S. '53, 152-12-10, and *Huling v. Feddersen,* 105 Colo. 475, 99 P. (2d) 194), nevertheless the claim can be satisfied only out of funds of the estate. Consequently the claimant's security is present in the form of the assets of the estate and it is in no way imperiled by the appeal on the part of the heir. It thus follows that in such circumstances the bond is more of a statutory formality than a security device, in the light of which its failure in formal respects does not operate to defeat the appeal.

598

For reasons which have been perhaps too fully set forth, we conclude that the judgment must be reversed and that the cause be remanded for a trial on the merits. It is so ordered.

Mr. Justice McWilliams not participating.